Argued and submitted October 6, 2010, affirmed June 15, petition for review denied September 15, 2011 (350 Or 716)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## FRED JAMES REIGARD,
*Defendant-Appellant.*

Coos County Circuit Court
08CR0571; A141314

259 P3d 966

Bear Wilner-Nugent argued the cause and filed the brief for appellant.

Andrew Morgan Lavin argued the cause for respondent. On the brief were John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Christina M. Hutchins, Senior Assistant Attorney General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Rosenblum, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Defendant was convicted of two counts of failing to report as a sex offender, ORS 181.599.[1] On appeal, he argues that the trial court erred in denying his motion for a judgment of acquittal as to Count 1, because the indictment alleged that he failed to report to a "supervising agency," which he in fact did before being told by that agency to report elsewhere. As to Count 2, he argues that the trial court should have granted his motion in arrest of judgment because the statute that he violated is unconstitutionally vague insofar as it would penalize an unreported change of "residence" without defining that term. Defendant further argues that, in any event, he is entitled to a new trial on both counts because the court, on its own initiative, offered a supplemental jury instruction that improperly commented on the evidence. For the reasons that follow, we affirm.

The relevant facts are few and, for the most part, undisputed. Defendant had previously been convicted of a sex crime in Oregon and was required to comply with sex offender reporting requirements, including the requirement that he "report, in person * * * [w]ithin 10 days of a change of residence." ORS 181.596(4)(b). He was required to make the report to "the department, a chief of police, a county sheriff or the supervising agency, if any." ORS 181.596(4)(c).

In June 2007, defendant informed his probation officer, Crim, that he was living at a residence on "A" Street in Myrtle Point, Oregon. Crim was aware that defendant's registered residence was on "Highway 42, Roseburg Road," and Crim "issued [defendant] an action plan to update his registration with the State Police."

Between July 8 and July 12, 2007, defendant twice met with Crim about a travel permit. Crim learned that, despite his action plan, defendant still had not updated his

---

[1] The sex offender reporting statutes discussed in this opinion, including ORS 181.599, ORS 181.595, and ORS 181.598, were amended in 2009. All references in this opinion to those statutes are to the versions that were in effect in 2007 and 2008.

registration with the Oregon State Police (OSP). Crim subsequently informed OSP that defendant was in violation of the law for failing to report his new address.

On November 5, 2007, defendant moved to a new address on South Tenth Street in Coos Bay and reported that move as required by law. In early January 2008, defendant told Crim that he was still living there; however, Crim became suspicious that defendant had in fact moved from that address. He tried to contact defendant at the South Tenth address and was unsuccessful. Also in early January 2008, Crim received an anonymous call from a woman—later identified as Peregrino—who claimed to have started dating defendant in November 2007 and to have broken up with him in January 2008, once she learned that he was a convicted sex offender. Peregrino lived on Barklow Lane in Coos Bay. When a state trooper visited Peregrino toward the end of January 2008, she told the trooper that defendant had been "stay[ing] with" her "pretty much the whole time" they had been dating, including staying overnight and otherwise being present there when defendant was not working. She later explained that she never considered defendant to be living with her, because he "paid rent somewhere else." She acknowledged that defendant had received mail at her house from a casino, but testified that that was the only mail he received there.

Defendant was indicted on two counts of failing to report as a sex offender, ORS 181.599. Count 1 alleged:

> "The said defendant, on or about the 19th day of July, 2007, in Coos County, Oregon, being a person who was required by law to report in person, as a sex offender, to Defendant's Supervising Agency, the Oregon State Police, a chief of police or a county Sheriff within 10 days of a change of residence, having changed residence, and having knowledge of the reporting requirement, did feloniously fail to report, as required, to an appropriate agency or official."

Count 2 alleged:

> "The said defendant, on or about the 16th day of January, 2008, in Coos County, Oregon, being a person who was required by law to report in person, as a sex offender, to Defendant's Supervising Agency, the Oregon State Police, a

chief of police or a county Sheriff within 10 days of a change of residence, having changed residence, and having knowledge of the reporting requirement, did feloniously fail to report, as required, to an appropriate agency or official; contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon."

After the state presented its evidence at trial, defendant moved for judgments of acquittal on both counts. As to Count 1, defendant argued that, under the language of the indictment, he was required to report to one of any number of people, including "Defendant's Supervising Agency." The evidence, according to defendant, established that he had, in fact, reported his change of address to Crim and was therefore entitled to a judgment of acquittal. As to Count 2, he argued, among other contentions, that the phrase "change of residence" as used in the reporting statute is unconstitutionally vague and leaves someone in his position "guessing as to what exactly the definition is." The trial court denied the motions.

During closing arguments, defendant made an argument to the jury loosely related to the theory he had advanced in his motion for a judgment of acquittal on Count 1. He argued that he had been led to believe that reporting his changes of residence to his supervising agency (*i.e.*, to Crim, his probation officer) was sufficient to comply with the law. He further argued that the state had failed to prove that he had knowledge of the reporting requirement, insofar as that requirement imposed an additional obligation to report changes to the police or sheriff upon the request of the supervising agency. At that point, the prosecutor objected, complaining that defendant had misstated the law. The court responded to the prosecutor, "You'll have an opportunity for rebuttal argument."

Notwithstanding that response to the prosecutor's objection, the court—after defendant had completed his closing but before the state's rebuttal—informed the parties that it intended to give an additional instruction to the jury. That instruction provided:

"Ladies and gentlemen of the jury, in regards to the reporting requirements of a sex offender who has been

released for discharge, Oregon law allows that when a person who is under supervision reports to the agency supervising that person, the supervising agency may require the person to report, instead, to the Department of State Police, a Chief of Police, or a County Sheriff, and provide the supervising agency with proof of the completed registration."

The jury convicted defendant on both counts. After the convictions were entered, defendant filed a motion in arrest of judgment as to Count 2, on the ground that the term "change of residence" in the reporting statutes is "vague as applied to the conduct alleged in that count." The trial court denied that motion as well.

Defendant now appeals his convictions, separately assigning error to the trial court's denial of his motion for a judgment of acquittal as to Count 1; denial of his motion in arrest of judgment on Count 2; and supplemental instruction to the jury after his closing argument. We begin with defendant's contention that the trial court should have granted his motion for a judgment of acquittal on Count 1 because he did, in fact, report to his supervising agency.

ORS 181.599 provides that a "person who is required to report as a sex offender "under ORS 181.595, 181.596, or 181.597 and who has knowledge of the reporting requirement" violates the law by failing to "report following a change of residence[.]" ORS 181.596, one of the statutes referenced in ORS 181.599, provides that a person who has been released on probation after being convicted in Oregon of a sex crime must, "[w]ithin 10 days of a change of residence," "report, in person, to the Department of State Police, a city police department or a county sheriff's office or, if the person is under supervision, to the supervising agency[.]" ORS 181.596(4)(a)(B).[2] However, another subsection of that same statute provides:

"When a person who is under supervision reports to the agency supervising the person, the supervising agency may

---

[2] ORS 181.595(3) contains an identical requirement for individuals released on parole, post-prison supervision, or other supervised or conditional release. Defendant stipulated that he is a convicted sex offender required to report, and the parties do not distinguish between the requirements in ORS 181.596 and ORS 181.595. For readability, we discuss only ORS 181.596.

require the person to report instead to the Department of State Police, a city police department or a county sheriff's office and provide the supervising agency with proof of the completed registration."

ORS 181.596(1)(b).

To summarize those requirements, a sex offender on probation has 10 days to report a change of residence to the state or city police, a county's sheriff's office, or the sex offender's supervising agency; if the sex offender timely reports to his or her supervising agency, that agency can require the sex offender to instead report to the state or city police or the county sheriff's office.

In this case, defendant was charged in Count 1 as follows:

"The said defendant, on or about the 19th day of July, 2007, in Coos County, Oregon, being a person who was required by law to report in person, as a sex offender, to Defendant's Supervising Agency, the Oregon State Police, a chief of police or a county Sheriff within 10 days of a change of residence, having changed residence, and having knowledge of the reporting requirement, did feloniously fail to report, as required, to an appropriate agency or official."

The evidence adduced at trial proved that defendant had reported his change of residence to Crim, a representative of his "supervising agency," who had then required him to report elsewhere. Defendant did not subsequently report to the police or sheriff's office as Crim had required him to do.

Defendant argued below—and reiterates on appeal—that the state's proof did not match up with the allegations in the indictment. That is, defendant argues that the indictment did not allege his failure to report *as required by the supervising agency* but, rather, his failure to report to *any* official or agency:

"The indictment * * * did not accuse defendant solely of failing to report to law enforcement; rather, it accused defendant of failing to report to law enforcement *or to his supervising agency*. Because of the proof that defendant had indeed reported the first change of residence to his supervising agency, he was entitled to a judgment of acquittal

notwithstanding any later failure to report to law enforcement. Defendant should not be penalized for the state's failure to draw its indictment as narrowly as it might have wished."

(Boldface omitted; emphasis by defendant.)

Defendant essentially contends that, having alleged that he "was required by law to report in person, as a sex offender, to Defendant's Supervising Agency, the Oregon State Police, a chief of police or a county Sheriff within 10 days of a change of residence," the state was required to prove that defendant did not report to *any* of those agencies or officials. *See State v. Lane*, 341 Or 433, 440, 144 P3d 927 (2006) ("Having alleged that defendant acted knowingly, the state was required to prove defendant's knowledge."). To alter the indictment—that is, to narrow the indictment to require defendant to report somewhere *other than* his supervising agency—would, in defendant's view, "constitute an impermissible substantive amendment of the indictment." *See State v. Wimber*, 315 Or 103, 112-16, 843 P2d 424 (1992) (describing permissible and impermissible amendments to indictments).

Thus, the question is whether the state's allegations were broad enough to encompass the theory on which defendant was ultimately convicted or whether, as defendant contends, the state's proof required an impermissible amendment to the indictment. It has long been the rule that, in construing an indictment, " 'the meaning is to be determined from the whole instrument and not from any part alone.' " *State v. Anderson*, 233 Or App 475, 484, 227 P3d 192, *rev den*, 348 Or 414 (2010) (quoting *State v. Jennings*, 131 Or 455, 461, 282 P 560 (1929)). Viewing Count 1 as a whole, it can be read to encompass the theory on which defendant was ultimately convicted. The part of the indictment that is defendant's focus—"being a person who was required by law to report in person, as a sex offender, to Defendant's Supervising Agency, the Oregon State Police, a chief of police or a county Sheriff within 10 days of a change of residence"—could be read to suggest that defendant would have satisfied his reporting requirement by simply reporting to *any* of those agencies. However, the remainder of the paragraph—the

part of the indictment that describes what defendant actually failed to do—describes his reporting requirement differently and, arguably, more particularly.

As set out above, "the reporting requirement" for a sex offender under supervision is layered. The requirement, initially, allows the sex offender to report to several listed entities, including the sex offender's supervising agency. However, in the event that the supervising agency requires the sex offender to report instead to the police or a county sheriff, the sex offender might nevertheless fail to report "as required" to an *appropriate* agency or official. The indictment in this case can be read to allege that very circumstance: that defendant, under ORS 181.596, was "a person who was required by law to report in person, as a sex offender, to Defendant's Supervising Agency, the Oregon State Police, a chief of police or a county Sheriff within 10 days of a change of residence"; that defendant knew of "the reporting requirement"—a requirement that includes, under ORS 181.596(1)(b), the obligation to report to the police or county sheriff as required by the supervising agency; and that defendant "did feloniously fail to report, as required, to an appropriate agency or official"—*i.e.*, the police or a county sheriff.

Because the indictment can be plausibly read to encompass the theory on which defendant was convicted (that defendant reported but not "as required, to an appropriate agency"), we reject his contention that the indictment actually obligated the state to prove more than what the reporting statutes require (that defendant never reported at all to any of the listed agencies). *See State v. Rutley*, 343 Or 368, 377-78, 171 P3d 361 (2007) (ambiguous statement in the indictment regarding the word "knowingly" did not "commit the state to prove what the statute did not require—that defendant knew that the transaction took place within 1,000 feet of a school"); *State v. Hamlett*, 235 Or App 72, 81, 230 P3d 92 (2010) ("[W]e do not interpret the indictment to impose an elevated burden of proof with respect to an element as to which such a burden is not unambiguously pleaded."). The evidence established that defendant was required by his supervising agency to report to the state police and that defendant did, in fact, "feloniously fail to report, as required,

to an *appropriate* agency or official." (Emphasis added.)[3] The trial court did not err in denying the motion for a judgment of acquittal on Count 1.

We turn next to defendant's challenge to his conviction on Count 2: that, as applied to the facts underlying that count, ORS 181.599(1) is void for vagueness under the state and federal constitutions because the phrase "change of residence" failed to provide a "reasonable degree of certainty" about whether his conduct, which defendant characterizes as "staying with" his then-girlfriend, would fall within the statute's prohibition. *See State v. Graves*, 299 Or 189, 195, 700 P2d 244 (1985) ("A criminal statute need not define an offense with such precision that a person in every case can determine in advance that a specific conduct will be within the statute's reach. However, a reasonable degree of certainty is required by Article I, sections 20 and 21."); *State v. Illig-Renn*, 341 Or 228, 240-41, 142 P3d 62 (2006) (describing vagueness challenges under state and federal constitutions).

In short, we disagree that the phrase "change of residence" is so vague as to fall below constitutional standards as applied to defendant's case. "Residence" is not defined in the relevant statutes. The word "residence" is commonly understood to include "the place where one actually lives or has his home as distinguished from his technical domicile." *Webster's Third New Int'l Dictionary* 1931 (unabridged ed 2002). Given the common meaning of the term "residence," a person of ordinary intelligence in defendant's position would have had a reasonable opportunity to know that he had changed his "residence" by actually living someplace new, regardless of whether he kept paying rent elsewhere. That was, in fact, what the evidence established in this case: that, by early January, defendant had reached a point at which he was spending all of his nonworking hours—both day and

---

[3] Defendant does not argue that the indictment contains too few facts to give him notice of the theory on which he was being tried; rather, his argument is that the indictment, as worded, says too much: "If defendant were simply charged with not reporting to the OSP, a chief of police, or a county sheriff, that would be the end of the matter." Nor is this case controlled by *State v. Depeche (A138304)*, 242 Or App 147, 252 P3d 861 (2011), where we held that the defendant was entitled to a judgment of acquittal because the police department refused his effort to register.

night—every day at his girlfriend's house and had even arranged to receive mail at that residence. The phrase "change of residence" is not unconstitutionally vague on those facts.

Finally, defendant assigns error to the trial court's supplemental instruction to the jury after defendant's closing argument. To recap, that instruction concerned a supervising agency's ability to require a person to report, instead, to the state police, a police chief, or a county sheriff. *See* ORS 181.596(1)(b). The instruction was given after defendant's counsel, in his closing argument, told the jury that defendant did not have notice that he was required to report to the police or sheriff rather than his probation officer. On appeal, defendant argues that the instruction was an improper comment on the evidence. Although defendant noted his exceptions to the instruction after it was given, and then engaged in a colloquy with the court about those exceptions, he never once suggested that the court's instruction was an improper comment on the evidence. We will not address that argument for the first time on appeal. ORAP 5.45 (setting forth preservation requirement).

Affirmed.