Argued and submitted March 13, conviction for first-degree sexual abuse
reversed and remanded; remanded for resentencing; otherwise affirmed
December 26, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MATHEW LEE WIER,
*Defendant-Appellant.*

Lane County Circuit Court
201021014; A147209

317 P3d 330

Ryan T. O'Connor, Senior Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Karla H. Ferrall, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Duncan, Judge.

DUNCAN, J.

**DUNCAN, J.**

In this criminal case, defendant appeals a judgment convicting him of first-degree sexual abuse, ORS 163.427(1)(a)(B), third-degree sexual abuse, ORS 163.415(1)(a)(A), and first-degree burglary, ORS 164.225. Defendant raises six assignments of error. We write only to address the second and third assignments of error, which concern jury instructions that defendant requested on the first- and third-degree sexual abuse counts.[1] We agree with defendant that, as to the first-degree sexual abuse charge, the trial court erred in declining to provide the jury with defendant's special instruction regarding the culpable mental state required for the element of forcible compulsion. However, we conclude that, as to the third-degree sexual abuse charge, the trial court did not err in declining to provide the jury with defendant's special instruction regarding the culpable mental state required for the lack of consent element. Accordingly, we reverse and remand defendant's conviction for first-degree sexual abuse, remand for resentencing, and otherwise affirm.

Defendant was charged by indictment with one count each of first-degree sexual abuse, third-degree sexual abuse, and first-degree burglary. In the count of first-degree sexual abuse, the indictment alleged, as relevant here, that defendant "did unlawfully and knowingly, by means of forcible compulsion, subject [the first victim] to sexual contact * * *." In the count of third-degree sexual abuse, it alleged, as relevant here, that defendant "did unlawfully and knowingly subject [the second victim] to sexual contact, * * * said [second victim] not consenting thereto."

The case was tried to a jury. As to the count of first-degree sexual abuse, defendant requested the court to instruct the jury as follows:

"Oregon law provides that a person commits the crime of sexual abuse in the first degree if the person knowingly subjects another person to sexual contact and the victim is

---

[1] We reject defendant's first assignment of error, regarding his motion for judgment of acquittal, and his fourth, fifth, and sixth assignments of error, regarding unanimous jury verdicts, without further discussion.

subjected to forcible compulsion by the actor and *if the person knows that his actions amount to forcible compulsion.*

"In this case, to establish the crime of sexual abuse in the first degree, the state must prove beyond a reasonable doubt the following five elements:

"\* \* \* \* \*

"3. [Defendant] knowingly subjected [the first victim] to sexual contact;

"4. [The first victim] was subjected to forcible compulsion by [defendant]; and

"5. *[Defendant] knew that his actions amounted to forcible compulsion.*"

(Emphases added.) In closing argument, defense counsel contended that defendant did not know that his conduct constituted forcible compulsion.

As to the count of third-degree sexual abuse, defendant requested the court to instruct the jury as follows:

"Oregon law provides that a person commits the crime of sexual abuse in the third degree if the person knowingly subjects another person to sexual contact and the victim does not consent to the sexual contact and *if the person knows that the victim does not consent to the sexual contact.*

"In this case, to establish the crime of sexual abuse in the third degree, the state must prove beyond a reasonable doubt the following five elements:

"\* \* \* \* \*

"3. [Defendant] knowingly subjected [the second victim] to sexual contact;

"4. [The second victim] did not consent to the sexual contact; and

"5. *[Defendant] knew that [the second victim] did not consent to the sexual contact.*"

(Emphases added.)

The court declined to give those instructions and, instead, instructed the jury with the uniform instructions, which omitted the fifth element of each offense listed above,

namely, that defendant "knew that his actions amounted to forcible compulsion" and "knew that [the second victim] did not consent to the sexual contact." Defendant objected and took exception to the instructions given, explaining that, in his view, the culpable mental state "knowingly" "does have to apply to every material element here," and that forcible compulsion and lack of consent were material elements of first- and third-degree sexual abuse, respectively. The jury found defendant guilty on all three counts.

Defendant appeals the resulting convictions, arguing that the court erred in declining to instruct the jury with his proffered instructions because the state had to prove that defendant knew that he was subjecting the first victim to forcible compulsion and that he knew that the second victim did not consent to the sexual contact.[2] The state responds that defendant's proffered instructions were incorrect because the state was not required to prove a culpable mental state for either of those elements.

We review a court's instruction of a jury for legal error. *State v. Nelson*, 241 Or App 681, 686, 251 P3d 240 (2011), *rev dismissed*, 354 Or 62 (2012). Generally, a party is entitled to have a proposed jury instruction given if the instruction properly states the law applicable to the case. *State v. Barnes*, 329 Or 327, 334, 986 P2d 1160 (1999). However, a trial court does not err in declining to give a correct instruction that "was covered fully by the trial court's other instructions." *Id*. We consider defendant's arguments in turn, beginning with his argument regarding the count of first-degree sexual abuse.

As relevant here, ORS 163.427 defines first-degree sexual abuse as follows:

"(1)  A person commits the crime of sexual abuse in the first degree when that person:

"(a)  Subjects another person to sexual contact and:

---

[2] We note that defendant's challenge is limited to the court's refusal to give his proffered instructions; he does not contend that the instructions given were erroneous or insufficient as a matter of law. *See, e.g., State v. Crosby*, 342 Or 419, 427, 154 P3d 97 (2007) (considering the correctness of an instruction given by the trial court where the defendant had objected to the instruction but had not proffered an alternative).

"*****

"(B)   The victim is subjected to forcible compulsion by the actor[.]"

In turn, ORS 163.305(2) provides:

"'Forcible compulsion' means to compel by:

"(a)   Physical force; or

"(b)   A threat, express or implied, that places a person in fear of immediate or future death or physical injury to self or another person, or in fear that the person or another person will immediately or in the future be kidnapped."

ORS 163.427, which is part of the Oregon Criminal Code of 1971, ORS 161.005, does not explicitly prescribe a culpable mental state for first-degree sexual abuse. But, a culpable mental state is nevertheless required by ORS 161.115(2), which provides, "[With exceptions not relevant here,] if a statute defining an offense does not prescribe a culpable mental state, culpability is nonetheless required and is established only if a person acts intentionally, knowingly, recklessly or with criminal negligence."

ORS 161.095(2) governs which elements of each crime require proof of a culpable mental state. It provides, "[With exceptions not relevant here,] a person is not guilty of an offense unless the person acts with a culpable mental state with respect to each material element of the offense that necessarily requires a culpable mental state." In enacting that provision, the legislature intended to require proof of a culpable mental state for any element "concern[ing] the substance or quality of the crime—the harm or evil sought to be prevented," but not for elements concerning "venue, jurisdiction, statute of limitations, or something similar." *State v. Rainoldi*, 236 Or App 129, 147, 235 P3d 710 (2010), *rev'd on other grounds*, 351 Or 486, 268 P3d 568 (2011); *see also State v. Blanton*, 284 Or 591, 594, 588 P2d 28 (1978) ("[T]he policy adopted by the legislature is to require a culpable mental state with respect to each element in the definition of an offense, with the exceptions stated in ORS 161.105 [relating to violations and offenses defined outside the Criminal Code]."); *State v. Olive*, 259 Or App 104, 113 n 2, 312 P3d 588 (2013) ("[U]nder ORS 161.095(2), unless the legislature

expressly provides otherwise, a culpable mental state is required for all facts that the state must prove beyond a reasonable doubt to convict a defendant except those that relate solely to the statute of limitations, jurisdiction, venue, or other procedural prerequisites to conviction.").[3]

Thus, in this case, the state was required to prove that defendant acted with a culpable mental state with respect to every element of the crime of first-degree sexual abuse that "concerns the substance or quality of the crime— the harm or evil sought to be prevented." *Rainoldi*, 236 Or App at 147. In *State v. Nelson*, we held that subjection of the victim to forcible compulsion is such an element and, accordingly, requires a culpable mental state. 241 Or App at 687-88.

In *Nelson*, the defendant requested the court to instruct the jury that it could find him guilty of first-degree sexual abuse only if it found "that he had knowingly subjected the victim to forcible compulsion." *Id.* at 684. That instruction would have informed the jury that the culpable mental state "knowingly" applied to the element of subjection of the victim to forcible compulsion. "Knowingly" is defined, for the purposes of the Criminal Code, by ORS 161.085(8), which provides, in pertinent part, "'Knowingly' or 'with knowledge,' when used with respect to conduct * * * described by a statute defining an offense, means that a person acts with an awareness that the conduct of the person is of a nature so described * * *." Thus, the defendant's requested instruction would have informed the jury that it had to find that, at the time of alleged crime, the defendant was aware that he was compelling the victim by physical force or a threat of physical injury, kidnapping, or death. *See* ORS 163.305(2).

---

[3] The drafters of the Criminal Code followed the Model Penal Code approach to culpable mental states, which requires culpable mental states for elements related to "the harm or evil sought to be prevented by the law defining an offense," but not for elements that "relate to other matters, such as jurisdiction, venue or [statutes of] limitations." I Model Penal Code and Commentaries (Official Draft and Revised Comments 1985) § 2.02 comment at 227. They drafted the provision that became ORS 161.095(2) as a default rule of statutory construction, under which a culpable mental state is required for each element of an offense. Tape Recording, Criminal Law Revision Commission, Subcommittee No 1, Dec 18, 1968, Tape 29, Side 1 (statement of Courtney Arthur).

The trial court declined to give the defendant's requested instruction, and we reversed, holding that a culpable mental state applies to the forcible compulsion element of first-degree sexual abuse. We explained:

> "The requirement that a defendant have subjected a victim to forcible compulsion is the specific additional element * * * that elevates nonconsensual sexual contact from a Class A misdemeanor, ORS 163.415(1)(a), (2) [(sexual abuse in the third degree)], to a Class B felony, ORS 163.427(1)(a)(b) [(sexual abuse in the first degree)]. [That statutory distinction] embod[ies] a legislative choice to impose a greater punishment when a defendant goes beyond subjecting the victim to nonconsensual * * * sexual contact by subjecting the victim to forcible compulsion. Thus, the act of subjecting a victim to forcible compulsion is a harm or evil that the legislature specifically sought to prevent in enacting * * * ORS 163.427."

*Nelson*, 241 Or App at 688 (internal quotation marks omitted).[4] Accordingly, we concluded that the trial court erred in failing to instruct the jury that "the state was required to prove that [the] defendant knowingly subjected the victim to forcible compulsion." *Id.* at 689.

The state contends that *Nelson* was wrongly decided and should be overruled. We decline to do so.

The state further contends that, even if we do not overrule Nelson and, instead, conclude that the state was required to prove that defendant acted with a culpable mental state in subjecting the victim to forcible compulsion, defendant's proposed special instruction was still incorrect for two reasons. First, the state argues that defendant's special instruction did not correctly state the law because it would have required the jury to find that "[defendant] knew that his actions amounted to forcible compulsion," which, in the state's view, would require a finding that defendant knew the law. *See* ORS 161.115(4) ("Knowledge that conduct constitutes an offense, or knowledge of the existence, meaning or application of the statute defining an offense,

---

[4] We reached the same conclusion regarding the forcible compulsion element in first-degree rape, ORS 163.375, which was also at issue in *Nelson*. 241 Or App at 688.

is not an element of an offense unless the statute clearly so provides.").

The state's argument is unavailing. As discussed above, in *Nelson*, we held that the trial court erred in failing to instruct the jury that it could convict the defendant only if it found "that he had knowingly subjected the victim to forcible compulsion." 241 Or App at 684. Here, defendant phrased the instruction slightly differently—he requested the court to instruct the jury that he "knew that his actions amounted to forcible compulsion." As set out above, defendant requested the trial court to instruct the jury on the elements of first-degree sexual abuse as follows:

> "Oregon law provides that a person commits the crime of sexual abuse in the first degree if the person knowingly subjects another person to sexual contact and the victim is subjected to forcible compulsion by the actor and *if the person knows that his actions amount to forcible compulsion.*

> "In this case, to establish the crime of sexual abuse in the first degree, the state must prove beyond a reasonable doubt the following five elements:

> "* * * * *

> "3.   [Defendant] knowingly subjected [the first victim] to sexual contact;

> "4.   [The first victim] was subjected to forcible compulsion by [defendant]; and

> "5.   *[Defendant] knew that his actions amounted to forcible compulsion.*"

(Emphases added.) The italicized portion of the requested instruction would have informed the jury that the state had to prove that, at the time of the charged crime, defendant knew that he was engaging in forcible compulsion.

The trial court instructed the jury on the definition of "forcible compulsion": "Forcible compulsion—to compel by either (a) physical force or (b) a threat, express or implied, that places a person in fear of immediate or future death or physical injury to self or another person." Thus, defendant's requested instruction would have informed the jury that, in

order to convict defendant, it had to find that, at the time of the charged crime, defendant knew that he was using physical force or a threat of physical injury or death to compel the victim. That element relates to defendant's knowledge or awareness of the nature of his conduct, not his knowledge or awareness of the law. Defendant's phrasing may not have been the most efficient choice of words for explaining the application of the culpable mental state to the jury—that is, it would have been simpler to instruct the jury that defendant had to knowingly subject the victim to forcible compulsion—but it was not incorrect.

The state also contends that it was not required to prove that defendant *knowingly* subjected the first victim to forcible compulsion; instead, it proposes, it could have proved that defendant acted with a lesser culpable mental state by recklessly or negligently subjecting the victim to forcible compulsion. *See* ORS 161.085(6) - (10) (defining culpable mental states); ORS 161.115(3) (establishing hierarchy of culpable mental states). *Nelson* forecloses that argument. There, we held that, for purposes of first-degree sexual abuse, the element "subjected to forcible compulsion * * * is properly categorized as *conduct* that constitutes a material element" of the crime. 241 Or App at 687 (internal quotation marks omitted; emphasis added). Only the culpable mental states "intentionally" and "knowingly" can apply to a conduct element of a crime. ORS 161.085(7) - (10). Proof that a person acts intentionally also suffices to prove that he or she acted knowingly. ORS 161.115(3). Accordingly, the state had to prove, at a minimum, that defendant knowingly subjected the first victim to forcible compulsion.

Defendant's proposed special instruction correctly stated the law. By contrast, the instruction that the trial court gave failed to inform the jury that the state was required to prove that defendant knowingly subjected the first victim to forcible compulsion. As a result, it allowed the jury to convict defendant even if it found that the state had failed to prove an element of the crime. Accordingly, we must reverse defendant's conviction for first-degree sexual abuse. *State v. Pine*, 336 Or 194, 209-10, 82 P3d 130 (2003); *Nelson*, 241 Or App at 689.

Next we turn to defendant's argument regarding third-degree sexual abuse. As relevant here, ORS 163.415 defines that offense as follows:

"(1)   A person commits the crime of sexual abuse in the third degree if:

"(a)   The person subjects another person to sexual contact and:

"(A)   The victim does not consent to the sexual contact[.]"

Defendant argues that, for the same reasons that the forcible compulsion element of first-degree sexual abuse requires a culpable mental state, the element that "[t]he victim does not consent to the sexual contact" also requires a culpable mental state. We agree.

Like the provision defining first-degree sexual abuse, ORS 163.415 is part of the Criminal Code. ORS 161.005. As discussed above, for crimes that are part of the Criminal Code, the state must prove a culpable mental state for any element "concern[ing] the substance or quality of the crime—the harm or evil sought to be prevented," but not for elements concerning "venue, jurisdiction, statute of limitations, or something similar." *Rainoldi*, 236 Or App at 147; *see also Blanton*, 284 Or at 594.

Lack of consent is not an element pertaining to a procedural prerequisite to conviction like venue, jurisdiction, or the statute of limitations. Rather, it is the common element that unifies the conduct prohibited by statutes defining sex offenses in the Criminal Code. Commentary to the Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report § 105, 106 (July 1970) ("Lack of consent is the common denominator for all the crimes proscribed in this Article."). It relates directly to the harm or evil sought to be prevented by those offenses, including third-degree sexual abuse.[5] Accordingly, the state

---

[5] As noted above, 260 Or App at 347 n 3, Oregon follows the Model Penal Code approach to culpable mental states by requiring a culpable mental state for each material element of the crime. *See Rainoldi*, 236 Or App at 147. The drafters of the Model Penal Code themselves recognized that lack of consent is such an element and, consequently, that lack of consent requires a culpable mental state even if none is expressly prescribed. I Model Penal Code and Commentaries

was required to prove that defendant acted with a culpable mental state with respect to the victim's lack of consent.

The state argues that, even if it was required to prove a culpable mental state for the lack of consent element, the trial court did not err in declining to give defendant's proposed instruction because it was incorrect. In the state's view, that is so because defendant's proposed instruction would have required the jury to find that defendant acted knowingly. The state contends that there is no reason to conclude that defendant would be required to act knowingly; instead, recklessness or criminal negligence would suffice.[6]

Defendant remonstrates that "[t]he state was required to prove the mental state alleged in the charging instrument," and he contends that, because the only mental state alleged in the indictment was "knowingly," the state had to prove that mental state with respect to the lack of consent. Defendant does not challenge the sufficiency of the indictment itself, and he does not raise any constitutional argument to support his view that the indictment dictates the elements that the state must prove.

We agree with the state. First, the fact that "[t]he victim does not consent to the sexual contact" is a circumstance element of the crime. *See* I Model Penal Code and Commentaries (Official Draft and Revised Comments 1985) § 2.02 comment at 231-32; Tape Recording, Criminal Law Revision Commission, Subcommittee No 1, Dec 18, 1968, Tape 29, Side 1 (statement of Courtney Arthur) (using lack of consent as an example of an attendant circumstance). The culpable mental states of knowledge, recklessness, and criminal negligence all may apply to a circumstance. ORS 161.085(8) - (10). Thus, defendant's proposed special instruction did not correctly state the elements of third-degree sexual abuse as the offense is defined in ORS 163.415;

_____

(Official Draft and Revised Comments 1985) § 2.02 comment at 231-32 (discussing culpable mental state for lack of consent element of rape provision).

[6] Because ORS 163.415 does not explicitly prescribe a culpable mental state, the rule of statutory construction set out at ORS 161.115(1) does not apply. That rule states, "If a statute defining an offense prescribes a culpable mental state but does not specify the element to which it applies, the prescribed culpable mental state applies to each material element of the offense that necessarily requires a culpable mental state."

the statute requires the state to prove only that a defendant acted, at a minimum, with criminal negligence with respect to lack of consent.

Second, we disagree with defendant's contention that the wording of the indictment in this case bound the state to prove that defendant knew that the second victim did not consent. We acknowledge that, as defendant argues, we and the Supreme Court have held that the state's inclusion of a particular culpable mental state in the indictment may bind it to prove that culpable mental state. *See State v. Lane*, 341 Or 433, 440, 144 P3d 927 (2006) ("Having alleged that defendant acted knowingly, the state was required to prove defendant's knowledge."); *State v. Nelson*, 241 Or App at 688-89; *State v. Bell*, 220 Or App 266, 269, 185 P3d 541 (2008); *cf. State v. Remsh*, 221 Or App 471, 475, 190 P3d 476 (2008) (allegation in indictment that the defendant "purchased" a license bound state to prove purchase although statute required only that a defendant "obtain" a license). However, where the indictment is ambiguous with respect to whether the culpable mental state that is alleged applies to a particular element, the indictment "[does] not commit the state to prove what the statute [does] not require." *State v. Rutley*, 343 Or 368, 377-78, 171 P3d 361 (2007); *see also State v. Hamlett*, 235 Or App 72, 81, 230 P3d 92 (2010) ("Irrespective of whether the state was required under ORS 161.115(2) to prove that [the] defendant acted knowingly with respect to any other element of the charged offense, we do not interpret the indictment to impose an elevated burden of proof with respect to an element as to which such a burden is not unambiguously pleaded."); *cf. State v. Reigard*, 243 Or App 442, 450, 259 P3d 966, *rev den*, 350 Or 716 (2011) ("Because the indictment can be plausibly read to encompass the theory on which [the] defendant was convicted * * *, we reject his contention that the indictment actually obligated the state to prove more than what the reporting statutes require * * *.").

Here, as set out above, the indictment alleged that defendant "did unlawfully and knowingly subject [the second victim] to sexual contact, * * * said [second victim] not consenting thereto." That wording is, at least, ambiguous

with respect to whether it alleges that defendant knew that the second victim did not consent. *See Rutley*, 343 Or at 377 (indictment alleging that the defendant "'did unlawfully, intentionally and knowingly deliver COCAINE, a Schedule II controlled substance[,] for consideration, within 1,000 feet of [a school]'" did not require the state to prove that the defendant knew that his conduct took place within 1,000 feet of a school (capitalization and first brackets in *Rutley*)). Accordingly, it did not commit the state to prove that defendant acted knowingly with respect to the lack of consent rather than recklessly or with criminal negligence. *Id.* at 377-78.

In sum, the trial court erred in declining to provide defendant's proposed instruction on first-degree sexual abuse to the jury because the instruction would have correctly informed the jury that the state had to prove that defendant knowingly subjected the first victim to forcible compulsion. The trial court did not err in declining to provide the jury with defendant's proposed instruction on third-degree sexual abuse because the instruction incorrectly stated that the state had to prove that defendant acted knowingly with respect to the second victim's lack of consent. In fact, ORS 163.415 requires the state to prove that a defendant acted knowingly, recklessly, or with criminal negligence with respect to a victim's lack of consent, and the indictment did not compel a different showing in this case.

Conviction for first-degree sexual abuse reversed and remanded; remanded for resentencing; otherwise affirmed.