Submitted June 17, affirmed July 30, petition for review denied
December 11, 2014 (356 Or 574)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRAGONIA MONTLE ANDERSON,
aka Bragonia Martel Anderson,
aka Bragonia Montel Anderson,
*Defendant-Appellant.*

Multnomah County Circuit Court
120342710; A152945

332 P3d 368

Peter Gartlan, Chief Defender, and Jedediah Peterson, Deputy Public Defender, Office of Public Defense Services, filed the opening brief for appellant. On the reply brief were Peter Gartlan, Chief Defender, and Meredith Allen, Senior Deputy Public Defender.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jeremy C. Rice, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and Haselton, Chief Judge, and Garrett, Judge.

GARRETT, J.

**GARRETT, J.**

A jury convicted defendant of one count of sexual abuse in the third degree, ORS 163.415. Defendant approached a stranger on a MAX train in Portland and repeatedly groped her, including her genital area. At trial, defendant requested a special jury instruction, arguing that a "knowing *mens rea* ought to attach" to the "lack of consent" element of the crime.[1] The trial court declined to give that instruction. On appeal, defendant contends that that was error. In light of *State v. Wier*, 260 Or App 341, 317 P3d 330 (2013), we disagree and affirm.

A party is generally entitled to have a proposed jury instruction given if the instruction accurately states the applicable law. *State v. Barnes*, 329 Or 327, 334, 986 P2d 1160 (1999). On appeal, defendant argues that his proposed instruction is a correct statement of law because, pursuant to ORS 161.095(2), a "defendant is only guilty of third-degree sexual abuse if a jury finds that he acted with a culpable mental state with respect to the element that the victim does not consent." The state disagrees that any mental state requirement applies to the "does not consent" element. In the alternative, the state argues that, even if some culpable mental state must accompany that element, "knowing" is not the applicable mental state.

After the parties briefed this case, we decided *Wier*, 206 Or App 341. That case also involved a trial court's refusal to give a defendant's requested jury instruction on the elements of third-degree sexual abuse. The defendant's proposed jury instruction included this phrase:

"Oregon law provides that a person commits the crime of sexual abuse in the third degree if the person knowingly subjects another person to sexual contact and the victim does not consent to the sexual contact and *if the person knows that the victim does not consent to the sexual contact.*"

---

[1] ORS 163.415 defines sexual abuse in the third degree as follows:

"(1) A person commits the crime of sexual abuse in the third degree if:

"(a) The person subjects another person to sexual contact and:

"(A) The victim does not consent to the sexual contact; or

"(B) The victim is incapable of consent by reason of being under 18 years of age[.]"

*Id*. at 344 (emphasis in original). We agreed with the defendant that "lack of consent" is an element that relates directly to the evil sought to be prevented by the crime of third-degree sexual abuse and, as such, the state must prove that the defendant acted with a culpable mental state as to that element. *Id*. at 351-52 (citing *State v. Rainoldi*, 236 Or App 129, 147, 235 P3d 710 (2010), *rev'd on other grounds*, 351 Or 486, 286 P3d 568 (2011)). We rejected, however, the defendant's argument that the applicable mental state was "knowingly." *Id*. at 352-53 (concluding that the state was required to prove only "that a defendant acted, at a minimum, with criminal negligence with respect to lack of consent"). Consequently, we held that "[t]he trial court did not err in declining to provide the jury with defendant's proposed instruction on third-degree sexual abuse because the instruction incorrectly stated that the state had to prove that defendant acted knowingly with respect to the second victim's lack of consent." *Id*. at 354.

In this case, defendant requested an instruction that the mental state of "knowing" attaches to the "does not consent" element. That is precisely the instruction that we rejected in *Wier*. Accordingly, it was not error for the trial court to refuse to issue defendant's requested instruction.

Affirmed.