PER CURIAM
*67 *534 Defendant appeals a judgment of conviction for second-degree sexual abuse, ORS 163.425, asserting that the trial court erred in instructing the jury that it could convict him of that crime if it found that he acted recklessly or negligently with respect to the victim's lack of consent.[1] Defendant argues that, for purposes of second-degree sexual abuse, the victim's lack of consent is "a conduct element," and, therefore, in order to convict, the jury was required to find that he knew that the victim did not consent.[2] See State v. Simonov , 358 Or. 531, 539-40, 368 P.3d 11 (2016) ("Unless otherwise indicated for a particular offense, 'conduct' elements require proof of an intentional or knowing mental state, 'result' elements require proof of an intentional, reckless, or criminally negligent mental state, and 'circumstance' elements require proof of a knowing, reckless, or criminally negligent mental state."). In defendant's view, the Supreme Court's analysis in Simonov (relating to the crime of unauthorized use of a vehicle) supports that outcome.
The state responds, and we agree, that our decision in State v. Wier , 260 Or. App. 341, 317 P.3d 330 (2013), controls the outcome in this case. In Wier , we considered whether, for purposes of third-degree sexual abuse, the state was required to prove a knowing mental state with respect to the victim's lack of consent, or whether "recklessness or criminal negligence would suffice." Id. at 352, 317 P.3d 330. We concluded that the victim's lack of consent "is a circumstance element of the crime" and the "culpable mental states of knowledge, recklessness, and criminal negligence all may apply to a circumstance." Id. Thus, to prove that a defendant committed third-degree sexual abuse, "the statute requires the state to prove only that a defendant acted, at a minimum, with criminal negligence with respect to lack of consent." Id. at 353, 317 P.3d 330. Wier establishes that the victim's lack of consent is a circumstance element that the state can prove using a reckless or criminally negligent mental state.
*535 Defendant suggests that Wier cannot survive Simonov . We are not persuaded. In determining whether one of our cases remains "good law" in light of a subsequent Supreme Court decision, we analyze (1) whether the Supreme Court case overrules our prior holding and, (2) if it does not, whether the Supreme Court's analysis demonstrates that our prior decision is " 'plainly wrong' such that we should overrule it ourselves." State v. McKnight , 293 Or. App. 274, 278, 426 P.3d 669, rev. den. , 363 Or. 817, 432 P.3d 1093 (2018). In our view, Simonov -which addressed a statute with a different structure and purpose than the sexual abuse statutes-does not establish that Wier is plainly wrong. Cf. Simonov , 358 Or. at 547 n. 5, 368 P.3d 11 (observing that, in the third-degree sexual abuse statute, the "proscribed act-subjecting another person to sexual contact-is set out in a separate paragraph from the element that the victim does not consent," and noting our decision in Wier that criminal negligence will suffice to prove the "does not consent" element).
Affirmed.

In a supplemental brief, defendant asserts that the trial court erred when it instructed the jury that it could reach a nonunanimous verdict. We reject that supplemental assignment of error on the merits without discussion.

Defendant points out that the jury acquitted him of first-degree rape.