Argued and submitted October 20, 2020; conviction on Count 2 reversed and remanded, remanded for resentencing, otherwise affirmed March 9, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSE MARTIN FRANCO-CARRILLO,
aka Jose Martin Carillo,
aka Jose Martin Franco Carillo,
aka Jose Martin Frano,
*Defendant-Appellant.*

Tillamook County Circuit Court
17CR77618; A168547

507 P3d 733

Jonathan R. Hill, Judge.

Anne Fujita Munsey, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before James, Presiding Judge, and Lagesen, Chief Judge, and Kamins, Judge.

PER CURIAM

Conviction on Count 2 reversed and remanded; remanded for resentencing; otherwise affirmed.

## PER CURIAM

In this criminal appeal, defendant was originally charged with one count of attempted unlawful sexual penetration in the first degree, ORS 161.405 and ORS 163.411 (Count 1), and four counts of sexual abuse in the first degree, ORS 163.427 (Counts 2 to 5). A jury found defendant guilty of three counts of the lesser-included offense of third-degree sexual abuse (Counts 2 to 4) and one count of first-degree sexual abuse (Count 5). The jury acquitted defendant of Count 1. The jury was polled, its guilty verdict on Count 2 was 11-1 and its guilty verdicts on Counts 3 through 5 were unanimous. The trial court merged the verdicts on Counts 3 and 4 with the verdict on Count 2. Defendant now appeals from judgments of conviction for that one count of first-degree sexual abuse, Count 5, and one count of third-degree sexual abuse, Count 2, raising six assignments of error.

Defendant's first assignment of error presents an evidentiary hearsay issue that we affirm without discussion. In his third through fifth assignments of error, defendant challenges his conviction by the jury's nonunanimous guilty verdict on Count 2, third-degree sexual abuse, and the trial court's acceptance of the jury's unanimous guilty verdicts on the remaining charges. The state concedes, and we agree, that the trial court erred in giving a nonunanimous jury instruction and in accepting the nonunanimous jury verdict on Count 2. *See Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020) (holding that, under the Sixth Amendment, a criminal defendant may be convicted of a serious offense only by unanimous verdict). We therefore reverse and remand defendant's conviction on Count 2. That conclusion obviates the need to address defendant's sixth assignment of error, which asserts that the trial court erred in failing to merge defendant's third-degree sexual abuse conviction into his conviction for first-degree sexual abuse. Defendant is not, however, entitled to reversal of any convictions that were based on unanimous guilty verdicts. *See State v. Flores Ramos*, 367 Or 292, 334, 478 P3d 515 (2020) (holding that, where a jury poll showed that the verdict was unanimous, error in instructing jury that it could find the defendant guilty by nonunanimous verdict did not amount to a structural error and was harmless). Because the jury

returned unanimous verdicts on Count 5, first-degree sexual abuse, the court's instructional error does not require reversal of that count.

In defendant's second assignment of error, he argues that the trial court erred in failing to instruct the jury that to convict defendant of third-degree sexual abuse, the state was required to prove that he had acted with knowledge of the victim's nonconsent. At the time this case was litigated, the governing law was *State v. Wier*, 260 Or App 341, 317 P3d 330 (2013), and accordingly defendant did not object. However, he argues that *Weir* is no longer good law in light of the Supreme Court's recent decision in *State v. Haltom*, 366 Or 791, 824, 472 P3d 246 (2020), which held that the victim's lack of consent element requirement in the second-degree sexual abuse statute, ORS 163.425(1)(a), "is an integral part of the conduct that the statute proscribes," and therefore requires "proof of a minimum mental state of 'knowingly,'" with respect to the victim's lack of consent. As we explained in *State v. Soto*, 318 Or App 233, 505 P3d 1107 (2022), we adhere to our decision in *Weir* but note that the issue is currently before the Oregon Supreme Court in *State v. Carlisle* (S067880), which will likely affect our decision in this case.

Conviction on Count 2 reversed and remanded; remanded for resentencing; otherwise affirmed.