Argued and submitted July 29, reversed in part; remanded for resentencing in part; otherwise affirmed November 4, 1998

STATE OF OREGON,
*Respondent,*

*v.*

DAWAYNE EDWARD JENKINS,
*Appellant.*

(C9701-30428; CA A98780)

969 P2d 1048

Stephen J. Williams, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Richard D. Wasserman, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

Defendant appeals his conviction for burglary in the first degree. ORS 164.225. He assigns error to the trial court's denial of his motion for judgment of acquittal based on the insufficiency of the state's evidence. He contends that the area behind a tavern's bar is not a separate building within the tavern and, therefore, a charge of burglary cannot lie. We reverse the judgment of conviction for burglary in the first degree, remand for resentencing, and otherwise affirm

The facts are not disputed. On the morning of January 31, 1997, defendant entered a tavern, which was open to the public. The tavern contained a bar running the length of the building. The bar was open at each end for entry by the tavern's staff, and the cash register was behind the bar. Defendant approached the bar, asking for change. While the victim was at the cash register making defendant's change, defendant jumped over the bar, knocked the victim to the ground, and yelled, "This is a robbery."[1] Defendant then removed money from the cash register and fled. The owner of the tavern testified that the area behind the bar was "absolutely not" open to the public.

Defendant was charged with burglary in the first degree, and the case was tried to the court. At the close of the state's case, defendant moved for a judgment of acquittal, arguing that the area behind the bar was not a separate building within the meaning of ORS 164.205(1) and that there had been no unlawful entry into the tavern. The trial court denied the motion and found defendant guilty.

On appeal, defendant argues that the trial court erred because the state failed to establish that the area behind the bar was a separate building within the definition of ORS 164.205(1). The state contends otherwise. We agree with defendant.

Whether the area behind a tavern's bar can be construed as a separate building within the definition of burglary is a question of statutory construction. To determine

---

[1] Defendant was also convicted of robbery in the third degree and assault in the fourth degree. He does not challenge those convictions.

the intent of the legislature, we first look at the text and context of the provision and then, if necessary, at its legislative history and other aids of construction. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). For the purposes of the burglary statutes, a "building" is defined in ORS 164.205(1):

> " 'Building,' in addition to its ordinary meaning, includes any booth, vehicle, boat, aircraft or other structure adapted for overnight accommodation or persons or for carrying on business therein. *Where a building consists of separate units, including, but not limited to, separate apartments, offices or rented rooms, each unit is, in addition to being a part of such building, a separate building.*" (Emphasis added.)

The bar area inside a tavern is not a separate building under the ordinary meaning of the word. *Webster's Third New Int'l Dictionary*, 292 (unabridged ed 1993), defines a building as:

> "**1**: a thing built: **a**: a constructed edifice designed to stand more or less permanently, covering a space of land, usu. covered by a roof and more or less completely enclosed by walls, and serving as a dwelling, storehouse, factory, shelter for animals, or other useful structure—distinguished from structures not designed for occupancy (as fences or monuments) and from structures not intended for use in one place (as boats or trailers) even though subject to occupancy **b**: a portion of a house occupied as a separate dwelling: APARTMENT, TENEMENT—used only in some legal statutes * * *."

The area behind the bar is not a booth, vehicle, boat, aircraft, or other structure adapted for doing business separate from the business of the tavern. The narrow question we address in this case is whether the bar area is a "separate unit" within the larger structure of the tavern and, therefore, a "separate building" under the statute.

In *State v. Barker/Phelps*, 86 Or App 394, 739 P2d 1045 (1987), we addressed a similar question, namely, whether individual units in a commercial storage facility could be considered separate buildings under ORS 164.205(1). Our resolution of that issue is instructive here. In *Barker/Phelps*, we said that, for the purposes of our burglary

statutes, separate units within larger buildings are separate buildings when each is "self-contained." *Id.* at 398. Defining such a unit, we noted, revolved around the question of physical access: was gaining entry more like opening the drawers in a bureau or entering separate apartments in an apartment building? *Id.*

In this instance, we believe defendant's leap over the bar is more akin to opening drawers in a dresser. First, the bar, like a dresser, is a relatively unsecured area once the building it occupies has been entered: by itself, its design offers little to impede access to the space behind it. Defendant jumped over the bar in this case, but he could have easily walked around either end. The bar's security, from a purely physical perspective, is largely dependant on the building within which it resides, an unremarkable proposition because the function of the bar is encompassed by, and inseparable from, the purpose of the tavern. This is in marked contrast to complexes of self-contained units like apartment or office buildings where the ability to control access to individual units is discrete, and where the use of an individual unit is usually separate from the use of the units around it. The bar here offers little control of the space behind it apart from that which the bartender extracts by the strength of his or her will. We conclude, therefore, that a bar within a tavern is not included in the definition of a "separate unit," nor is it described by any other provision of ORS 164.205(1). For the purposes of the burglary statutes, a tavern bar might be a fence, or perhaps a piece of furniture, but, under the facts here, its area does not constitute a separate building within the tavern.

Conviction for burglary in the first degree reversed; remanded for resentencing; otherwise affirmed.