Argued and submitted November 29, 2007, conviction for second-degree burglary reversed and remanded for entry of conviction for second-degree criminal trespass and for resentencing; otherwise affirmed June 18, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

AMRIT NATHAN CHATELAIN,
*Defendant-Appellant.*

Multnomah County Circuit Court
050633303; A130208

188 P3d 325

Elizabeth Ann Corbridge, Deputy Public Defender, argued the cause for appellant. On the opening brief were Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and Jamesa J. Drake, Deputy Public Defender, Office of Public Defense Services. On the reply brief were Peter Gartlan, Chief Defender, Legal Services Division, and Elizabeth Ann Corbridge, Deputy Public Defender.

Heather A. Vogelsong, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Wollheim, Judge, and Schuman, Judge.

LANDAU, P. J.

## LANDAU, P. J.

Defendant appeals a judgment of conviction for second-degree burglary, ORS 164.215; third-degree escape, ORS 162.145; and resisting arrest, ORS 162.315. He assigns error to the trial court's denial of his motion for a judgment of acquittal on the second-degree burglary charge. He also assigns error to the court's denial of his request for a continuance. We write to address defendant's first assignment of error. We reverse defendant's second-degree burglary conviction, and remand for entry of conviction for second-degree criminal trespass, but otherwise affirm.

The relevant facts are undisputed. One morning at 7:00 a.m., an eyewitness saw defendant and a young female go into a neighboring house that was vacant and for sale. The neighbor watched the house for 45 minutes, during which time no one left the house. The neighbor called the police, and Officer Debler and Sergeant Harris arrived shortly thereafter. The officers found the front door locked, so they went around to the back of the house where they could hear voices and movement inside. Around that time, Sergeant Amend arrived and remained with Debler at the back of the house, while Harris returned to the front.

Defendant fled out of the front door, and Harris chased him on foot. Debler got into his police car and also began pursuing defendant. Meanwhile, Amend took defendant's female companion into custody. Although she "had a really young look about her," she was "[a]t least a teenager."

With the assistance of a canine unit, the officers apprehended defendant. Defendant exhibited signs of being under the influence of methamphetamine and marijuana. Debler searched defendant and found two lighters in his pockets, but no drugs or drug paraphernalia. Defendant's backpack also contained no drugs or drug paraphernalia. When police officers searched the house, they found no drugs or drug paraphernalia there either.

Debler interviewed defendant at the police station later that evening. Defendant admitted that he had entered the house without the owner's permission. He also admitted

that he had entered the house intending to smoke a marijuana "roach" with his female companion. When asked how old he thought she was, he replied that she might be a minor.

Defendant was charged with second-degree burglary, third-degree escape, and resisting arrest. With regard to the burglary charge, the state alleged that defendant "did unlawfully and knowingly enter and remain in a building * * * with the intent to commit the crime of Distribution of Controlled Substance to a Minor therein."

■ Defendant was tried to the court. As to the burglary charge, the state's theory was that defendant entered the vacant residence with the intent to commit a crime inside, specifically, to distribute marijuana to the young woman who accompanied him. At the close of the state's case-in-chief, defendant moved for a judgment of acquittal on that charge, arguing that the state had failed to corroborate his confession with regard to his intent to distribute marijuana when he entered the house. The trial court denied defendant's motion. Defendant presented no evidence and was convicted as charged.

On appeal, defendant assigns error to the trial court's denial of his motion for a judgment of acquittal on the burglary charge, again arguing that the evidence was insufficient to corroborate his confession as required by ORS 136.425(1). In particular, he contends, the state failed to produce any evidence apart from his confession that he entered the premises with the intent to commit a crime therein. The state responds that it is not required to corroborate defendant's intent. According to the state, the law requires that it corroborate only the essence, or "*corpus delicti*," of the offense, not each of its elements. In this case, the state argues, the *corpus delicti* of burglary consists of the mere fact that defendant unlawfully entered the premises. Defendant rejoins that the law requires the state to corroborate more than that. The *corpus delicti* of burglary must consist of more than unlawful entry, he contends, or else the corroboration of that offense and criminal trespass would be indistinguishable. According to defendant, as relevant to the crime of burglary, ORS 136.425(1) requires the state to corroborate his intent to commit a crime, as well.

On review of a denial of a motion for a judgment of acquittal, we consider the record and all reasonable inferences that may be drawn from it in the light most favorable to the state to determine whether a rational trier of fact could have found all elements of the offense beyond a reasonable doubt. *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). A defendant's confession, however, is not legally sufficient to support a conviction unless there is adequate corroboration. ORS 136.425(1) expressly provides that a confession is not sufficient to support a conviction "without some other proof that the crime has been committed." The questions in this case are what constitutes "some other proof" and whether the state supplied it.

In *State v. Lerch*, 296 Or 377, 397, 677 P2d 678 (1984), the Supreme Court determined that the statute does not require the state to corroborate each and every element of an offense to which a defendant has confessed. The court began by observing that, at common law, the majority of American jurisdictions have concluded that evidence corroborating a confession must establish the *corpus delicti* of the crime, which consists of two things, namely that (1) "the injury or harm specified in the crime occurred," and (2) that "this injury or harm was caused by someone's criminal activity." *Id.* at 393 (quoting *McCormick on Evidence* § 158, 346-47 (2d ed 1972)). The court then examined the specific wording of ORS 136.425(1) and concluded that it essentially adopted the common-law rule:

> "Although 'some proof' does not define a certain amount of proof, it does serve the function of limiting the proof required under ORS 136.425(1). In other words, instead of requiring full or complete proof that a crime has been committed, 'some' reduces or limits the amount required. The net result is that ORS 136.425(1) instead of requiring evidence that the crime has been committed or the corpus delicti established merely requires evidence that *tends* to prove or establish the corpus delicti. This is in accord with the common-law rule. * * *
>
> "* * * * *
>
> "We hold that 'some proof' means that there is enough evidence from which the jury may draw an inference that

tends to establish or prove that a crime has been committed."

*Lerch*, 296 Or at 397-98 (emphasis in original).

■■ It is important to add, however, that, although the statute, as construed by the courts, does not require corroboration of each and every element of an offense, it does require corroboration of each and every offense to which the defendant has confessed. *State v. Fry*, 180 Or App 237, 244, 42 P3d 369 (2002). In other words, "[p]roof that a different crime has been committed cannot satisfy th[e corroboration] requirement, nor can proof of one charged crime satisfy the requirement as to a different charged crime." *Id.*

With that in mind, we turn to the identification of the "injury or harm specified in the crime," in this case, second-degree burglary. ORS 164.215(1) provides, in part, that "a person commits the crime of burglary in the second degree if the person enters or remains unlawfully in a building with intent to commit a crime therein."

The state argues that the injury or harm identified by that statute is unlawful entry, and nothing more. Defendant, as we have noted, contends that there must be more—that is, evidence of intent to commit a crime therein—or else proof of unlawful entry, which would suffice to corroborate the offense of criminal trespass, would also suffice to corroborate the offense of burglary.

■ We agree with defendant. ORS 136.425(1) requires corroboration independent of the confession that "*the* crime has been committed." (Emphasis added.) A defendant's intent to commit a crime at the time of an unlawful entry is central to the crime of burglary. Without it a defendant's conduct cannot constitute burglary of any degree; that intent is, in fact, the essence of the offense. Because the state must present independent evidence of each charged offense, *Fry*, 180 Or App at 244, the state may not corroborate a burglary simply by corroborating criminal trespass, which is a different crime.

The state cites nothing in support of its contention that unlawful entry, by itself, constitutes the injury or harm specified in the offense of burglary, and we are aware of none.

The Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report (July 1970), which accompanied the adoption of ORS 164.215, does not directly speak to the issue. Its discussion of the offense of burglary and the related offense of criminal trespass, however, suggests that, while the "basic rationale of the sections on criminal trespass is the protection of one's property from unauthorized intrusion by others," *id.* at § 140, the injury or harm associated with burglary goes beyond that and includes the protection of one's property against the threat of intrusion *for the purpose of committing a crime*, *id.* at § 136.

We also note that our conclusion is consistent with the rule in other jurisdictions. *State v. Hale*, 45 Haw 269, 367 P2d 81 (1961), is illustrative. In that case, the Hawaii Supreme Court held that

> "[i]t is, however, an essential element of the crime of burglary under our statute that the entry should be accompanied with an intent to steal, or to commit some felony. The intent is the gist of the offense. Without it there can be no violation of the statute. Thus, proof of the intention to steal or commit a felony is included in the corpus delicti of burglary, for it is clearly requisite to the proof of either the basic injury or of criminality."

*Id.* at 277, 367 P2d at 86 (citation and footnote omitted); *accord State v. Hansen*, 296 Mont 282, 302, 989 P2d 338, 351 (1999) ("[T]o establish the *corpus delicti* of the charge of burglary in this case, the State had to introduce evidence to establish that someone had entered or remained unlawfully * * * with the purpose to commit the offense of riot[.]"); *Commonwealth v. Vosburg*, 393 Pa Super 416, 422, 574 A2d 679, 682 (1990), *appeal den*, 529 Pa 648, 602 A2d 859 (1991) ("In order to establish the *corpus delicti* for burglary, the Commonwealth was required to prove that a building or occupied structure was entered by someone not licensed or privileged to enter, that the premises were not open to the public, and that the person who entered did so with the intent to commit a crime.").

The state argues that, even if it was required in this case to corroborate defendant's intent to commit a crime—in

this case, distribution of a controlled substance to a minor, as alleged in the indictment—the evidence was sufficient to do just that. According to the state, the record shows that (1) defendant entered the building with the young female at 7:00 a.m.; (2) Sergeant Amend had probable cause to arrest defendant's female companion for burglary; (3) defendant fled when he heard the police arrive; and (4) defendant exhibited signs of being under the influence of a controlled substance when he was apprehended. The state, however, never explains precisely how any of those four pieces of evidence, alone or in conjunction, tends to suggest that defendant entered the premises with the intent to distribute a controlled substance to his female companion.

First, the time of day supports no particular inference either in isolation or in conjunction with any other evidence about defendant's intent to distribute marijuana. Second, the fact that the police officer had probable cause to arrest defendant's companion supports no inference about *defendant's* mental state. Third, defendant's flight from the house supports no inference about defendant's prior mental state, particularly with respect to supplying marijuana to his companion. Finally, although the fact that defendant himself appeared to be under the influence of a controlled substance supports an inference that *he* used drugs in the house, it supports no inference that he offered drugs to his female companion. In that regard, we note that the state produced no evidence that his companion exhibited any signs of being under the influence at the time. The state also produced no evidence of drugs or drug paraphernalia either in the house or on defendant or on his companion. Because the record is devoid of *any* evidence to support an inference that defendant intended to distribute drugs to his female companion when he entered the house, the evidence was insufficient to corroborate defendant's confession regarding his second-degree burglary conviction. *See* ORS 136.425(1); *Lerch*, 296 Or at 398-99. Accordingly, the state failed to meet its burden to prove all elements of that crime beyond a reasonable doubt.

The state argues that, if it failed to corroborate adequately defendant's confession, the remedy is reformation of defendant's burglary conviction to either first- or second-degree criminal trespass. Defendant responds that, because

first-degree criminal trespass requires proof that a defendant unlawfully enters a "dwelling," while second-degree burglary requires only an unlawful entry into a "building," first-degree criminal trespass is not a lesser-included offense of second-degree burglary.

■■   A crime is a lesser-included offense of another crime as a matter of law if either of two circumstances exist: "(1) the elements of the lesser offense necessarily are included in the greater offense because the elements of the former are subsumed in the latter; or (2) all of the elements of the lesser offense are expressly set forth in the accusatory instrument." *State v. Lee*, 174 Or App 119, 125, 23 P3d 999, *rev den*, 332 Or 559 (2001).

As we have noted, a person commits the crime of second-degree burglary "if the person enters or remains unlawfully in a *building* with intent to commit a crime therein." ORS 164.215(1) (emphasis added). A person commits the crime of first-degree criminal trespass by "[e]nter[ing] or remain[ing] unlawfully in a *dwelling*." ORS 164.255(1)(a) (emphasis added). In turn, ORS 164.205(2) defines "dwelling" as "a building which regularly or intermittently is occupied by a person lodging therein at night, whether or not a person is actually present." Second-degree criminal trespass, on the other hand, requires only that "the person enters or remains unlawfully * * * in or upon *premises*." ORS 164.245(1) (emphasis added). ORS 164.205(6) defines "premises" as "*any building* and any real property, whether privately or publicly owned." (Emphasis added.)

Under the circumstances, we conclude that it is appropriate to remand for entry of conviction for *second*-degree criminal trespass. As defined by ORS 164.205(2), a "dwelling" is a particular kind of "building." Because the state's indictment in this case only alleged that defendant entered into a "building" and not specifically a "dwelling," first-degree criminal trespass is not a lesser-included offense of second-degree burglary. However, the definition of "premises" in ORS 164.205(6) is broader than that of "building" in that it includes "any building." Because all of the elements of second-degree criminal trespass were expressly set forth in the indictment for second-degree burglary, the former is a

lesser-included offense of the latter. *Lee,* 174 Or App at 125. Consequently, we remand for entry of conviction on that lesser-included offense.

Conviction for second-degree burglary reversed and remanded for entry of conviction for second-degree criminal trespass and for resentencing; otherwise affirmed.