LAGESEN, P. J.
*275 Defendant visited Lincoln City. While there, he stayed in a house belonging to a family friend. He had been authorized to enter the house-and may have been authorized to stay in the house for as long as one night-but, instead, he stayed for multiple days. During that time, he took or consumed bottles of Vicodin belonging to the homeowner. This led to a charge for first-degree burglary on the ground that defendant "did unlawfully and knowingly enter or remain in a dwelling * * * with the intent to commit the crime of theft therein."[1] Defendant was convicted on that charge in a court trial after the court denied his motion for judgment of acquittal.
On appeal, defendant assigns error to the denial of his motion for judgment of acquittal, contending that the evidence is insufficient to permit a rational factfinder to find either that he (1) unlawfully remained in the house or (2) possessed the requisite intent to commit a crime in the house at the start of any unlawful remaining, as required under State v. J. N. S. , 258 Or. App. 310, 318-19, 308 P.3d 1112 (2013). We conclude that the evidence is sufficient to support a finding that defendant unlawfully remained in the house, but is not sufficient to support a finding that defendant had the intent to commit the theft of the Vicodin at the start of his unlawful remaining. We therefore reverse and remand for entry of a judgment of conviction for the lesser-included offense of first-degree criminal trespass and for resentencing. In so doing, we reject the state's arguments that we must overrule J. N. S. in view of the Supreme Court's decision in State v. Pipkin , 354 Or. 513, 316 P.3d 255 (2013).
We review the denial of a motion for a judgment of acquittal to determine whether, viewing the evidence and all reasonable inferences from the evidence in the light most favorable to the state, "a rational trier of fact * * * could have found the essential element[s] of the crime beyond a reasonable doubt." State v. Cunningham , 320 Or. 47, 63, 880 P.2d 431 (1994), cert. den. , 514 U.S. 1005, 115 S.Ct. 1317, 131 L.Ed.2d 198 (1995).
*276 A person commits the crime of first-degree burglary if "the person enters or remains unlawfully in a building with the intent to commit a crime therein," ORS 164.215,[2] and "the building is a dwelling,"
*671 ORS 164.225.[3] So defined, the crime of first-degree burglary constitutes "an aggravated form of criminal trespass" that requires proof of three elements: criminal trespass, of a dwelling, with the intent to commit a crime therein.[4] State v. Werner , 281 Or. App. 154, 163, 383 P.3d 875 (2016), rev. den. , 361 Or. 312, 393 P.3d 1173 (2017).
In addition, there must be a temporal connection between the defendant's intent to commit a crime and the initiation of the defendant's trespass. We held in J. N. S. that the requisite "intent to commit a crime therein" must be present at the start of the defendant's unlawful trespass, whether that trespass consisted of an initial unlawful entry or an unlawful remaining after an initial lawful entry. 258 Or. App. at 318-19, 308 P.3d 1112. Reasoning that the "legislative purpose underlying the crime of burglary * * * is to punish trespass for the purpose of committing a crime ," id. at 319, 308 P.3d 1112 (emphasis added), we explained:
"As we observed in State v. Chatelain , 220 Or. App. 487, 492, 188 P.3d 325 (2008), aff'd , 347 Or. 278, 220 P.3d 41 (2009), '[a] defendant's intent to commit a crime at the time of an unlawful entry is central to the crime of burglary. Without it a defendant's conduct cannot constitute burglary of any degree; that intent is, in fact, the essence of the offense.' (Emphasis added.)"
Id. Quoting our decision in Chatelain , we reiterated that the
" ' "basic rationale of the sections on criminal trespass is the protection of one's property from the unauthorized *277 intrusion by others," the injury or harm associated with burglary goes beyond that and includes the protection of one's property against the threat of intrusion for the purpose of committing a crime [.]' "
J. N. S. , 258 Or. App. at 319, 308 P.3d 1112 (quoting Chatelain , 220 Or. App. at 493, 188 P.3d 325 (quoting Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report §§ 136, 140 (July 1970) (emphasis in Chatelain ; internal citations omitted) ) ). We also noted that our construction of the burglary statutes is consistent with Blackstone's conception of the offense of burglary. Id.
In this case, defendant articulates several theories challenging the sufficiency of the evidence to support a finding that he committed a trespass by unlawfully remaining in the Lincoln City house. He also challenges the sufficiency of the evidence to support a finding that he had the intent to commit theft at the outset of any trespass. The state responds that the evidence is sufficient to permit a finding that defendant unlawfully remained in the house. As to the sufficiency of the evidence to support a finding that defendant had the intent to commit theft at the start of his trespass, as required under J. N. S. , the state does not dispute that the evidence is insufficient to make that finding. Instead, the state argues that "[d]efendant's reliance on J. N. S. is misplaced because the Oregon Supreme Court implicitly overruled that decision in State v. Pipkin , 354 Or. 513, 316 P.3d 255 (2013)." The state contends that, in view of Pipkin , it only needed to establish that defendant developed the intent to commit theft at some point during his unlawful remaining, and that the evidence is sufficient to support a finding that defendant formed the requisite intent at some point during his trespass. According to the state,
" Pipkin stands for the premise that a defendant can commit the crime of burglary if he or she forms the intent to commit a crime at any point before or during his or her unlawful presence within a building, regardless of the particular moment at which the criminal intent arose. To the extent that J. N. S. holds to the contrary, it is no longer good law."
(Emphasis in state's brief.)
*278 We reject without further discussion defendant's contention that the evidence is not *672 sufficient to permit a rational trier of fact to find that defendant unlawfully remained in the Lincoln City house. As to whether the evidence is sufficient to support a finding that defendant had the intent to commit theft at the outset of his unlawful remaining, as the state more or less acknowledges-correctly-it is not.
We are left, then, with the issue of whether J. N. S. remains "good law" following Pipkin . That issue, in our view, raises two distinct questions: (1) Did Pipkin overrule J. N. S. 's holding that a defendant must possess the intent to commit a crime at the start of the trespass underlying the charge of burglary? And (2) if not, does the analysis in Pipkin demonstrate that our decision in J. N. S. is "plainly wrong," such that we should overrule it ourselves. See State v. Civil , 283 Or. App. 395, 417, 388 P.3d 1185 (2017) (explaining that we will overrule a prior decision only if it is "plainly wrong," a standard that is "rigorous" and "satisfied only in exceptional circumstances").
The answer to the first question is no. At issue in Pipkin was whether at least 10 jurors must concur as to the form of the trespass underlying a burglary charge, that is, as to whether the trespass resulted from an unlawful entry or, instead, an unlawful remaining. 354 Or. at 524, 316 P.3d 255. The Supreme Court was not called upon to address, and did not address, the question resolved in J. N. S. : Must a defendant's intent to commit a crime coincide with the start of a trespass in order to constitute burglary? As a result, the Pipkin decision does not speak to the issue of whether a defendant's intent to commit a crime must coincide with the start of the defendant's trespass and does not overrule our holding in J. N. S. on that point.
The second question is whether the Supreme Court's decision in Pipkin undermines our analysis in J. N. S. in a way that demonstrates that our decision in that case is "plainly wrong," such that we should overrule it ourselves. That standard, we have emphasized, is a demanding one. "We start from the assumption that our prior cases were decided correctly, and the party urging us to abandon precedent must affirmatively persuade us to the contrary that a *279 decision is plainly wrong." Thorson v. Bend Memorial Clinic , 291 Or. App. 33, 38, 419 P.3d 756 (2018). Here, the state has not met that exacting standard. In particular, although the state correctly has identified an inconsistency between our reading of the burglary statutes in J. N. S. and the Supreme Court's reading of them in Pipkin , the state has not persuaded us that the inconsistency means that our ultimate conclusion in J. N. S. -which did not turn exclusively on the portion of our analysis that is inconsistent with Pipkin -is plainly wrong.
The inconsistency between our decision in J. N. S. and the Supreme Court's decision in Pipkin centers on the meaning of the phrase "remain[ ] unlawfully" within ORS 164.215. In J. N. S. , we read State v. White , 341 Or. 624, 639-40, 147 P.3d 313 (2006), to stand for the proposition that only those persons who enter a building lawfully can "remain unlawfully" for purposes of the burglary statutes: "A person remains unlawfully when, after entering with authorization, the person fails to leave after that authorization expires or is revoked." J. N. S. , 258 Or. App. at 316, 308 P.3d 1112. Based on that understanding of White , we concluded that unlawful entry and unlawful remaining were two distinct, nonoverlapping ways by which a criminal defendant could commit the trespass underlying a burglary charge. Id. at 318-19, 308 P.3d 1112. That understanding, together with other signals of legislative intent, informed our ultimate conclusion that the burglary statutes require that the requisite intent to commit a crime exist at the start of the trespass underlying the charge:
"Pursuant to White , [341 Or. at 639-40, 147 P.3d 313] we hold that second-degree burglary may be committed in two alternative ways: (1) entering a building unlawfully with the intent to commit a crime therein; or (2) entering a building lawfully, but then remaining unlawfully-viz. , failing to leave after authorization to be present expires or is revoked-with the intent to commit a crime therein. In either case, burglary requires criminal trespass for the purpose of committing a crime . Thus, the proper focus is on the defendant's intent at the initiation of the trespass. If the trespass *673 begins when a defendant enters a building , then we ask whether the defendant possessed the requisite *280 criminal intent at the time of the unlawful entry . If the trespass begins when a defendant remains in a building after authorization has expired or has been revoked, then we ask whether the defendant possessed the requisite criminal intent at the time of the unlawful remaining ."
J. N. S. , 258 Or. App. at 318-19, 308 P.3d 1112 (emphases in original; footnotes omitted).
The Supreme Court expressed a different view of what it means to "remain unlawfully" for purposes of the burglary statutes in Pipkin . Also relying on White , the court determined that "entering and remaining unlawfully are interchangeable and often overlapping findings from which the jury can conclude that the defendant's presence in a dwelling was unlawful." Pipkin , 354 Or. at 524, 316 P.3d 255. Contrary to our conclusion in J. N. S. that a person could "unlawfully remain" for purposes of the statute only if the person's original entry had been lawful, the court explained that "[a]lmost every person who enters private property unlawfully will also remain there unlawfully." Pipkin , 354 Or. at 522, 316 P.3d 255. As a result, the court concluded that "a person can commit burglary by entering unlawfully or by remaining unlawfully or by entering and remaining unlawfully." Id. at 523, 316 P.3d 255. The court explained that "entering and remaining unlawfully are two alternative and sometimes complimentary ways of proving a defendant's unlawful presence in a dwelling that, when accompanied by an intent to commit a crime therein, will constitute first-degree burglary." Id.
In view of Pipkin , our statement in J. N. S. that to "remain unlawfully" for purposes of the burglary statute requires an initial lawful entry is incorrect, as is our related statement suggesting that entering unlawfully and remaining unlawfully are never overlapping ways in which a person can commit the trespass underlying a burglary charge. We also acknowledge that that misapprehension played a role in our analysis in J. N. S. However, it was only one part of our analysis and, in this appeal, the state has not explained why our ultimate holding is plainly wrong, in view of the other aspects of our analysis in J. N. S . We note, in particular, that our analysis in J. N. S. turned in significant part on our recognition that Chatelain , the legislative history of the *281 burglary statutes, and the general history of the offense of burglary, all point to the conclusion that the "essence" of the offense of burglary-and what distinguishes it from ordinary trespass in terms of the associated injury or harm-is that the trespass underlying the offense is "for the purpose of committing a crime." J. N. S. , 258 Or. App. at 319, 308 P.3d 1112 (internal quotation marks and citation omitted). Those indications that the legislature, in enacting the burglary statutes, intended to target trespasses for the purpose of committing a crime remain a strong indication that the legislature intended that a defendant must have the intent to commit a crime at the outset of the trespass underlying a burglary charge, notwithstanding the noted inconsistency between the analysis in Pipkin and the analysis in J. N. S. In addition, the state also has not demonstrated that our ultimate holding in J. N. S. is irreconcilable or fundamentally unworkable with the interpretation of the burglary statutes announced in Pipkin , and it is not readily apparent why that necessarily would be the case. Under those circumstances, the state has not affirmatively demonstrated that J. N. S. is plainly wrong. We therefore decline the state's invitation to overrule it.
Having concluded that the evidence is sufficient to support a finding that defendant remained unlawfully in the Lincoln City house, but not to support the finding required under J. N. S. that defendant possessed the intent to commit theft at the outset of his trespass, we conclude that the trial court erred when it denied defendant's motion for judgment of acquittal. Defendant's burglary conviction must be reversed. However, because we have concluded that the evidence is sufficient to support the trial court's finding that defendant unlawfully remained in the house, we remand for entry of a judgment of conviction for first-degree trespass, as has been our practice in similar *674 cases. State v. Miranda , 290 Or. App. 741, 754, 417 P.3d 480 (2018) (reversing first-degree burglary conviction and remanding for entry of judgment of conviction for first-degree criminal trespass where evidence was insufficient to support finding that the defendant intended to commit particular crime as charged in indictment); State v. Cole , 290 Or. App. 553, 560-61, 415 P.3d 73 (2018) (reversing and remanding for *282 entry of judgment of first-degree criminal trespass where evidence was insufficient to support finding that the defendant had the intent to commit a crime at the start of his trespass into an apartment).
Reversed and remanded for entry of judgment of conviction for first-degree criminal trespass and resentencing.

Although the indictment alleged that defendant "did unlawfully and knowingly enter or remain" in the dwelling, the case was tried on an unlawful remaining theory.

ORS 164.215 provides, in relevant part:
"(1) * * * [A] person commits the crime of burglary in the second degree if the person enters or remains unlawfully in a building with intent to commit a crime therein."

ORS 164.225 provides, in relevant part:
"(1) A person commits the crime of burglary in the first degree if the person violates ORS 164.215 and the building is a dwelling[.]"

Under ORS 164.255(1)(a), one way that a person commits the crime of first-degree criminal trespass if the person "[e]nters or remains unlawfully in a dwelling," among other things. Under ORS 164.245(1), a person commits the crime of second-degree criminal trespass if the person "enters or remains unlawfully in a motor vehicle or in or upon premises."