Argued and submitted February 11; in Case Number 19CR61540, conviction on Count 2 reversed and remanded with instructions to enter a judgment of conviction for second-degree criminal trespass, remanded for resentencing, otherwise affirmed; in Case Number 19CR50469, affirmed May 18; petition for review allowed September 16, 2022 (370 Or 214)
See later issue Oregon Reports

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN MICHAEL HALEY,
*Defendant-Appellant.*

Multnomah County Circuit Court
19CR61540, 19CR50469;
A173760 (Control), A173761

511 P3d 440

In this consolidated criminal case, defendant appeals a judgment of conviction for second-degree burglary, ORS 164.215, arguing that an individual's office does not qualify as a separate "building." *Held*: The office was not a separate unit because its use and purpose were not distinct from, but rather shared with, its parent building. The proper remedy is to remand with instructions to enter a conviction for the lesser-included offense of criminal trespass in the second degree, ORS 164.245, because the evidence was sufficient to establish that a reasonable person would not have felt free to enter or remain in the office without permission.

In Case Number 19CR61540, conviction on Count 2 reversed and remanded with instructions to enter a judgment of conviction for second-degree criminal trespass; remanded for resentencing; otherwise affirmed. In Case Number 19CR50469, affirmed.

Heidi H. Moawad, Judge.

Rond Chananudech, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Shannon T. Reel, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before James, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

In Case Number 19CR61540, conviction on Count 2 reversed and remanded with instructions to enter a judgment of conviction for second-degree criminal trespass; remanded for resentencing; otherwise affirmed. In Case Number 19CR50469, affirmed.

**KAMINS, J.**

In this consolidated criminal case, defendant appeals a judgment of conviction for second-degree burglary, ORS 164.215; identity theft, ORS 165.800; second-degree theft, ORS 164.045; and interfering with a peace officer, ORS 162.247; raising three assignments of error. We reject defendant's second assignment of error without discussion, and the parties agree that the third assignment of error is moot. The issue on appeal in the remaining assignment of error is whether an individual's office qualifies as a "building" for purposes of the burglary statute, ORS 164.215. Because it does not, we reverse and remand as to the burglary conviction.

The relevant facts are undisputed. Defendant stole a briefcase from an individual's office in Waldschmidt Hall at the University of Portland. Waldschmidt Hall has five floors; the first floor contains the registrar's office and the financial aid office, the second floor holds the admission offices, and the top three floors contain other administrative offices, including the President's office on the fourth floor. Students and prospective students regularly visit Waldschmidt Hall for various reasons, especially the offices on the first two floors. As an Associate Director for Major Gifts, the victim worked in the Development Department, whose offices were on the third and fifth floors. His office was Room 307, on the third floor, but his office was publicly listed as Room 300, which was the reception area for that floor. A plaque next to his office door contained the room number and the occupant's name and title. The door locked automatically when closed, but at the time of the theft it was open.

Defendant assigns error to the trial court's denial of his motion for judgment of acquittal (MJOA) on the burglary charge. "We review the denial of an MJOA for whether a rational factfinder could find, after viewing the evidence in the light most favorable to the state and making reasonable inferences and credibility choices, that the state proved every element of the offense beyond a reasonable doubt." *State v. Davis*, 261 Or App 38, 39, 323 P3d 276 (2014). We review questions of statutory interpretation for legal error. *State v. Rodriguez*, 283 Or App 536, 540-41, 390 P3d 1104,

*rev den*, 361 Or 543 (2017) ("When a trial court's denial of a defendant's motion for judgment of acquittal depends on its interpretation of the statute defining the offense, we review the trial court's interpretation for legal error." (Internal quotation marks omitted.)).

Burglary is defined as "enter[ing] or remain[ing] unlawfully in a building with intent to commit a crime therein." ORS 164.215(1). Because Waldschmidt Hall was open to the public, the question is whether Room 307 was a "separate building" such that the theft qualifies as burglary. Whether a room is a "separate building," in turn, depends on whether it is a "separate unit." ORS 164.205(1) provides, "Where a building consists of separate units, including, but not limited to, separate apartments, offices or rented rooms, each unit is, in addition to being a part of such building, a separate building." There is no dispute that Room 307 was an "office"; the issue is whether it was "separate" from the rest of Waldschmidt Hall.

The plain meaning of "separate" is "not shared with another" or "set or kept apart[,] standing alone." *Webster's Third New Int'l Dictionary* 2069 (unabridged ed 2002). That definition is consistent with our prior case law. In general, "a separate unit is a component part that stands alone in its physical and functional occupancy." *Rodriguez*, 283 Or App at 542. The inquiry focuses "on whether the area was self-contained from its parent building, including secure physical access, separate function, and separate occupation," in other words, whether the area was shared with the rest of the building or not. *State v. Macon*, 249 Or App 260, 264, 278 P3d 29, *rev den*, 352 Or 342 (2012) (holding that the storage room of a toy store with a camouflaged door, access limited to employees, and a function of storage rather than sales was a separate unit); *see also State v. Barker/Phelps*, 86 Or App 394, 398, 739 P2d 1045 (1987) (asking whether defendant's conduct was "more like opening drawers in a bureau than entering separate apartments in an apartment building").

Our prior case law provides examples of units that stand alone from and those that are shared with their parent building. The area behind a tavern bar, which can easily

be accessed from the public portion and whose function is shared with—that is "encompassed by, and inseparable from, the purpose of"—the tavern is not a separate unit. *State v. Jenkins*, 157 Or App 156, 160, 969 P2d 1048 (1998). Similarly, a defendant's parents' bedroom in a family home was not a separate unit, despite having a lock on the door, because the defendant had permission to be in the room while his parents were home, and the room had a "function that was inseparable from the purpose of the house" as "a family residence." *Rodriguez*, 283 Or App at 543. The use and purpose of the bedroom was shared with that of the overall home; it did not stand alone.

In contrast, a bedroom in a house can be a separate unit when its use is not shared with the rest of the house. In *Perez-Salas*, the defendant and his sister lived in the same house, but the defendant was never allowed inside her separate room, the siblings paid rent separately, and they lived independently, rather than as members of one household. *State v. Perez-Salas*, 312 Or App 693, 699, 492 P3d 95, *rev den*, 368 Or 638 (2021). Hence, the room was not shared with the rest of the house and was a separate unit.

Turning to Room 307, we conclude that the office was not a separate unit because its use and purpose were not distinct from, but rather shared with Waldschmidt Hall as a whole. Room 307 was not self-contained; it operated as a component part of Waldschmidt Hall. Like the rest of Waldschmidt Hall, it was occupied by employees of the university who did not separately pay rent. As an employee of the university, the victim's work—like the work of other members of the administration—was inseparable from the function of supporting the university. He also shared a mailing address, Room 300, with the rest of the third floor. Although, as the state points out, the office door could be locked, that lock "does not, by itself, turn [it] into a separate unit." *Rodriguez*, 283 Or App at 543. Here, like the lock on the parents' bedroom in *Rodriguez*, the lock on Room 307's door allowed it to be secured at some times, but it "did not change the nature or function" of the office; Room 307 remained part of the university administration that occupied Waldschmidt Hall as a whole. *Id*. Because Room 307's

function and occupation were shared with that of the parent building, it was not a separate unit, and the trial court erred in denying defendant's MJOA on the burglary conviction.

The proper remedy is to remand with instructions to enter a conviction for the lesser-included offense of criminal trespass in the second degree, which requires that "a person enter[] or remain[] unlawfully in a motor vehicle or in or upon premises." ORS 164.245(1); *State v. Chatelain*, 220 Or App 487, 495-96, 188 P3d 325 (2008), *aff'd*, 347 Or 278 (2009) (concluding that second-degree trespass is a lesser-included offense of second-degree burglary). "'Premises' includes any building and any real property." ORS 164.205(6). Although Room 307 is not a "building," it is "real property," so it is "premises." Here, the state alleged, and the trial court found, that defendant "unlawfully and knowingly enter[ed] and remain[ed] in" Room 307.

Before the trial court, defendant argued that his entry into Room 307 was not "unlawful" because a reasonable person would have perceived it to be "open to the public," an argument he reprises on appeal. ORS 164.205(3)(a) (unlawful entry requires entering or remaining in or upon premises when they "are not open to the public").[1] Premises are "open to the public" if "their physical nature, function, custom, usage, notice or lack thereof or other circumstances at the time would cause a reasonable person to believe that no permission to enter or remain is required." ORS 164.205(4). The question then is whether the characteristics of Room 307 would lead a reasonable person to believe that they could enter or remain in the office without permission. *State v. Hinton*, 209 Or App 210, 216, 147 P3d 345 (2006).

Room 307 is an individual's private office, not an area that was open to the public. The room contained a desk, a computer, a bookcase, an office chair, and two guest chairs—hallmarks of an individual's private office. The plaque next to the door announced the occupant's name and title, indicating that the room was private to that occupant. A reasonable person would not think they could enter

---

[1] Defendant made this argument because "unlawful entry" is also an element of burglary. ORS 164.215(1).

or remain in that space without the permission of the person whose desk it was and whose name was on the door. Defendant points out that there were no obstacles to prevent entry, the reception desk signaled that the area was not closed off, and there were no signs expressly indicating that the room was closed to the public. However, access does not need to be impeded for a reasonable person to conclude that a private office is not open to the public. Given the characteristics of Room 307, the trial court did not err in determining that a reasonable person would not have felt free to enter or remain without permission.

Because the evidence is sufficient to support a conviction for second-degree trespass, and second-degree trespass is a lesser-included offense of second-degree burglary, we remand for entry of conviction on that lesser-included offense. *Chatelain*, 220 Or App at 495-96 (reversing conviction for second-degree burglary and remanding for entry of second-degree criminal trespass in similar circumstances); *see also State v. Wiggins*, 272 Or App 748, 752, 358 P3d 318 (2015) (remanding for entry of a lesser-included offense where the indictment and evidence supported that lesser-included offense).

In Case Number 19CR61540, conviction on Count 2 reversed and remanded with instructions to enter a judgment of conviction for second-degree criminal trespass; remanded for resentencing; otherwise affirmed. In Case Number 19CR50469, affirmed.