116 June 5, 2024 No. 384

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TYLOR SHAWN ROWE,
*Defendant-Appellant.*

Klamath County Circuit Court
22CR24642, 22CR13640;
A179891 (Control), A180017

Alycia E. Kersey, Judge.

Submitted April 24, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kali Montague, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Defendant was found guilty by unanimous jury verdicts on counts of second-degree burglary and first-degree theft in Case No. 22CR24642, and his probation was revoked in Case No. 22CR13640 based on those guilty verdicts. On appeal, defendant argues that the judgments in both cases should be reversed because the trial court plainly erred by instructing the jurors in Case No. 22CR24642 that a nonguilty verdict must be unanimous. *See State v. Martineau*, 317 Or App 590, 592, 505 P3d 1094, *rev den*, 370 Or 197 (2022) (holding that the trial court plainly erred by instructing the jury that it must return a unanimous nonguilty verdict). Defendant recognizes that, in *Martineau*, we held that the error, although plain, was harmless because the jury returned unanimous guilty verdicts. *Id.* at 595 ("[D]efendant cannot persuasively explain how instructing the jury that it could return nonunanimous verdicts of not guilty would have affected its unanimous guilty verdicts."). Defendant concedes that *Martineau* is controlling, but he contends that it should be overruled.

We begin with "the assumption that our prior cases were decided correctly, and the party urging us to abandon precedent must affirmatively persuade us to the contrary that a decision is plainly wrong." *State v. McKnight*, 293 Or App 274, 278-79, 426 P3d 669, *rev den*, 363 Or 817 (2018) (internal quotation marks and citation omitted); *see State v. Civil*, 283 Or App 395, 406, 388 P3d 1185 (2017) (explaining that the "plainly wrong" standard is a "rigorous standard grounded in presumptive fidelity to *stare decisis*"). Here, defendant has not met that standard. Defendant's briefing in this case raises the same arguments and authorities—including *State v. Zolotoff*, 354 Or 711, 720, 320 P3d 561 (2014), and *State v. Estabrook*, 162 Or 476, 505, 91 P2d 838 (1939)—that we considered and rejected in *Martineau*; defendant has not persuaded us that our understanding or treatment of those cases was wrong, let alone that our decision was plainly wrong in light of them. We therefore adhere to our prejudice analysis in *Martineau* and reject defendant's assignment of error on the ground that

the instructional error was harmless considering the unan-
imous guilty verdicts.

Affirmed.