ORTEGA, P. J.
*340 *24 Defendant appeals a judgment of conviction for one count of first-degree burglary, ORS 164.225,[1] assigning error to the denial of his motion for judgment of acquittal. In defendant's view, there was insufficient evidence from which a rational trier of fact could find, as necessary to his burglary conviction, that he unlawfully remained in his niece's house or that he did so with intent to commit an assault. More specifically to the latter point, defendant asserts that, under State v. J. N. S. , 258 Or. App. 310, 318-19, 308 P.3d 1112 (2013), because he did not form the intent to commit the assault at the initial point when he unlawfully remained in the house, there was insufficient evidence to support a first-degree burglary conviction. We conclude that, despite sufficient evidence that defendant unlawfully remained in the house, there was nevertheless insufficient evidence that defendant formed the intent to commit the assault at the requisite time. Accordingly, we reverse defendant's conviction for first-degree burglary and remand for entry of a judgment of conviction for the lesser-included offense of first-degree criminal trespass and for resentencing.
We review the denial of a motion for judgment of acquittal to determine whether, viewing the evidence and all reasonable inferences from it in the light most favorable to the state, "a rational trier of fact * * * could have found the essential element[s] of the crime beyond a reasonable doubt." State v. Cunningham , 320 Or. 47, 63, 880 P.2d 431 (1994), cert. den. , 514 U.S. 1005, 115 S.Ct. 1317, 131 L.Ed.2d 198 (1995).
Defendant and his family were staying with his niece for a week. One evening, after defendant began yelling and threatening to kill his niece, she asked him to leave. Defendant refused and said that he would leave the next day. Someone called for a taxi and left defendant's packed bags by the front door, but the taxi left without defendant. Defendant's father-in-law, who lived across the street, became aware of the incident and decided to go to the niece's house-without notifying anyone-to find out "what was *25 going on." When he arrived, defendant emerged from a bedroom and punched his father-in-law in the face, and a fight ensued. The police arrived, and defendant was arrested. The state charged defendant with one count of first-degree burglary, two counts of fourth-degree assault, and one count of strangulation.
After the state presented its case-in-chief, defendant moved for a judgment of acquittal on the first-degree burglary charge, arguing that "the state failed to put on sufficient evidence to meet the standard to have this matter go to the jury." Defendant went on to argue that, to be convicted of first-degree burglary, defendant had to have
"knowingly * * * entered, or remained in [his house] with the intent to commit the crime of assault therein. * * * [T]he evidence is clear that he was attempting to leave at the time that this occurred, and that it was not his intent to stay * * *."
(Emphasis added). At that point, the court interrupted to say that the motion was denied, because there "was contradictory evidence to that, that he was told to leave and he said, 'I'm not leaving.' " Defense counsel attempted to interject, but the court cut him off again concluding,
"I know that the evidence [was] that he was eventually going to leave, but the evidence is also that he said, 'No, I'm not leaving.' Denied. Next?"
A person commits the crime of first-degree burglary if "the person enters or remains unlawfully in a building with the intent to commit a crime therein," ORS 164.215, and "the building is a dwelling," ORS 164.225.[2] At issue here is whether the state proved that (1) defendant, after receiving authorization to enter his niece's house, *341 unlawfully remained after that authorization was revoked-i.e. , defendant committed criminal trespass, and (2) defendant unlawfully remained with the intent to commit a crime therein. J. N. S. , 258 Or. App. at 318-19, 308 P.3d 1112. Specifically, as to the second element, under J. N. S. , a burglary conviction *26 requires "criminal trespass for the purpose of committing a crime ." Id. (emphasis in original). As we explained:
"[T]he proper focus is on the defendant's intent at the initiation of the trespass. * * * If the trespass begins when a defendant remains in a building after authorization has expired or has been revoked, then we ask whether the defendant possessed the requisite criminal intent at the time of the unlawful remaining ."
Id . at 319, 308 P.3d 1112 (emphasis in original).
On appeal, defendant challenges the sufficiency of the evidence for a rational trier of fact to find that he unlawfully remained in his niece's house. Alternatively, defendant asserts that, under J. N. S. , even if we conclude that he unlawfully remained, there was insufficient evidence for a rational trier of fact to find that he did so with the intent to commit an assault because he did not form the intent to assault his father-in-law at the initial point that he unlawfully remained.
The state responds with two arguments. First, the state asserts that, although defendant preserved his challenge to the sufficiency of the evidence that he unlawfully remained, defendant failed to preserve his J. N. S. argument. Second, should we reach the merits, the state argues that the Supreme Court implicitly overruled J. N. S. in State v. Pipkin , 354 Or. 513, 316 P.3d 225 (2013), and that, under Pipkin , it is sufficient that the requisite intent was formed at any point while defendant unlawfully remained in his niece's house, even if not at the initiation of unlawfully remaining.
We agree with the state that there was sufficient evidence to find that defendant unlawfully remained after his niece asked him to leave. However, the evidence does not support a jury finding that defendant intended to commit an assault at the initiation of his unlawful trespass.
First, we address the state's preservation argument. The state asserts that "defendant did not argue that the state had failed to prove that he formed the intent to commit the assault contemporaneously with the act of unlawfully remaining inside [his niece's] home" and, therefore, *27 we should not review that argument on appeal. Defendant responds that he preserved his argument because, when he moved for judgment of acquittal, the trial court "cut off defense counsel's argument and denied the motion," preventing him from making further arguments. We agree with defendant.
Generally, "if an issue has not been presented to the trial court, we will not consider it on appeal." State v. Sanelle , 287 Or. App. 611, 618, 404 P.3d 992 (2017) (citing Peeples v. Lampert , 345 Or. 209, 219, 191 P.3d 637 (2008) ); ORAP 5.45(1). One purpose of the preservation rule is to ensure that "positions of the parties are presented clearly to the initial tribunal and that parties are not taken by surprise, misled, or denied opportunities to meet an argument." Davis v. O'Brien , 320 Or. 729, 737-38, 891 P.2d 1307 (1995). We note that "the preservation rule is a practical one, and close calls * * * inevitably will turn on whether, given the particular record of a case, the court concludes that the policies underlying the rule have been sufficiently served." State v. Parkins , 346 Or. 333, 341, 211 P.3d 262 (2009).
Here, the purposes of preservation were met. Defendant, in moving for judgment of acquittal, began with the assertion that to convict him of first-degree burglary, the state had to prove that he "knowingly entered or remained in [his niece's house] with the intent to commit the crime of assault therein." However, before he could fully develop that argument, the court ruled on his motion and, when defendant attempted to interject, the court reiterated its conclusion and moved on. After the court prematurely ruled on the motion and cut him off a second time, defendant did not have an obligation to make a third attempt to flesh out his argument. See State v. Barajas , 247 Or. App. 247, 253, 268 P.3d 732 (2011) (concluding that the defendant was not required to do anything *342 further to preserve her objection "when the trial court unequivocally ruled that it would not entertain closing argument and announced its decision, [making] any additional effort * * * futile"); see also State v. Olmstead , 310 Or. 455, 461, 800 P.2d 277 (1990) ("When the trial court excludes an entire class of evidence by declaring, in advance, that it is inadmissible as a matter of law, the ruling renders a *28 further offer futile."). The preservation rules required nothing more of defendant under these circumstances.
We turn to the merits. Defendant contends that he lacked the requisite intent to commit an assault at the out-set of his trespass, as required by J. N. S. In contrast, the state contends that Pipkin implicitly overruled J. N. S. in that Pipkin established that the intent to commit the crime therein can occur at any point after defendant trespassed. In the state's view, " Pipkin stands for the premise that a defendant can commit the crime of burglary if he or she forms the intent to commit a crime at any point before or during his or her unlawful presence within a building, regardless of the particular moment at which the criminal intent arose." (Emphasis in original.)
In State v. McKnight , 293 Or. App. 274, 426 P.3d 669, rev. den. , 363 Or. 817, 432 P.3d 1093 (2018), we rejected that exact argument, concluding that the Pipkin decision did "not speak to the issue of whether a defendant's intent to commit a crime must coincide with the start of the defendant's trespass." Id. at 279, 426 P.3d 669. We explained that any "inconsistency between our decision in J. N. S. and the Supreme Court's decision in Pipkin " did not render plainly wrong our ultimate holding in J. N. S. on the issue of whether "a defendant must possess the intent to commit a crime at the start of the trespass underlying the charge of burglary[.]" Id. at 278-81, 426 P.3d 669. We once again adhere to our ultimate holding in J. N. S.
In doing so, we conclude that there was insufficient evidence for a rational factfinder to find that defendant remained unlawfully in his niece's house with the intent to commit an assault; the record lacks the necessary "temporal connection between the defendant's intent to commit a crime and the initiation of the defendant's trespass." McKnight , 293 Or. App. at 274, 426 P.3d 669. As we have explained,
" '[a] defendant's intent to commit a crime at the time of an unlawful entry is central to the crime of burglary. Without it a defendant's conduct cannot constitute burglary of any degree; that intent is, in fact, the essence of the offense.' (Emphasis added.)"
*29 J. N. S. , 258 Or. App. at 319, 308 P.3d 1112 (quoting State v. Chatelain , 220 Or. App. 487, 492, 188 P.3d 325 (2008), aff'd , 347 Or. 278, 220 P.3d 41 (2009) (emphasis in original)). Here, the state does not offer evidence to challenge defendant's assertion that, even if he unlawfully remained in his niece's house, his intent to commit an assault did not occur at the initiation of the trespass. As a consequence, no reasonable factfinder could have found that defendant committed first-degree burglary. Therefore, the trial court erred in denying defendant's motion for judgment of acquittal, and we must reverse defendant's first-degree burglary conviction. However, because there is sufficient evidence to find that defendant unlawfully remained in his niece's house, we remand for entry of a judgment of conviction for first-degree trespass. See McKnight , 293 Or. App. at 281-82, 426 P.3d 669 (reversing and remanding for entry of judgment of first-degree criminal trespass where there was insufficient evidence to support a finding that defendant intended to commit a crime at the initiation of his trespass in his family friend's home); see also State v. Miranda , 290 Or. App. 741, 754, 417 P.3d 480 (2018) (reversing first-degree burglary conviction and remanding for entry of judgment of conviction for first-degree criminal trespass where there was insufficient evidence to support finding that the defendant intended to commit particular crime as charged in indictment).
Conviction for first-degree burglary reversed and remanded for entry of judgment of conviction for first-degree criminal trespass and resentencing; otherwise affirmed.

Defendant does not challenge his conviction on one count of fourth-degree assault.

ORS 164.225 provides, in relevant part:
"(1) A person commits the crime of burglary in the first degree if the person violates ORS 164.215 and the building is a dwelling[.]"