Submitted on remand from the Oregon Supreme Court April 15, 2020,
affirmed May 26, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTOPHER LEE PAYTON,
*Defendant-Appellant.*

Jackson County Circuit Court
15CR28579; A163219

489 P3d 1082

This case is on remand from the Oregon Supreme Court, which vacated the Court of Appeals' decision in *State v. Payton*, 298 Or App 22, 445 P3d 338 (2019) (*Payton I*), and remanded for reconsideration in light of *State v. Henderson*, 366 Or 1, 455 P3d 503 (2019). In *Payton I*, the Court of Appeals concluded that the trial court erred in denying defendant's motion for a judgment of acquittal on the charge of first-degree burglary, ORS 164.225, and also concluded that there was sufficient evidence that defendant remained unlawfully in his niece's house, but insufficient evidence that he formed intent to commit assault at the requisite time to sustain a conviction for first-degree burglary. 298 Or App at 29. *Held*: In light of the Supreme Court's holding in *Henderson*, that a defendant need only develop the requisite intent to commit an additional crime at some point during the course of a criminal trespass, the Court of Appeals concluded that the trial court did not err in denying defendant's motion for judgment of acquittal. The court rejected defendant's arguments, raised for the first time on remand, that the trial court committed structural error by instructing the jury that it could return a nonuanimous verdict.

Affirmed.

On remand from the Oregon Supreme Court, *State v. Payton*, 366 Or 205, 458 P3d 695 (2020).

Lorenzo A. Mejia, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erica Herb, Deputy Public Defender, Office of Public Defense Services, filed the opening and reply briefs for appellant. On the supplemental briefs were Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David Sherbo-Huggins, Deputy Public Defender.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rolf C. Moan filed the briefs for respondent.

Before Ortega, Presiding Judge, and Egan, Chief Judge, and Powers, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

This case is before us on remand from the Oregon Supreme Court, which vacated our prior decision, *State v. Payton*, 298 Or App 22, 445 P3d 338 (2019), and remanded for reconsideration in light of *State v. Henderson*, 366 Or 1, 455 P3d 503 (2019). In our prior opinion, we concluded that the trial court erred in denying defendant's motion for a judgment of acquittal on the charge of first-degree burglary, ORS 164.225; we concluded that there was sufficient evidence that defendant remained unlawfully in his niece's house, but insufficient evidence that he formed intent to commit assault at the requisite time to sustain a conviction for first-degree burglary. *Payton*, 298 Or App at 29. Now, reviewing this case again for errors of law, *State v. Bivins*, 191 Or App 460, 467, 83 P3d 379 (2004), and in light of the Supreme Court's holding in *Henderson*, that a defendant need only develop the requisite intent to commit an additional crime at some point during the course of a criminal trespass, we conclude that the trial court did not err in denying defendant's motion for judgment of acquittal.[1] We further reject defendant's arguments, raised for the first time on remand, that the trial court committed structural error by instructing the jury that it could return a nonunanimous verdict. Accordingly, we affirm.

We take the facts and pertinent procedural history from our earlier opinion in this case:

"Defendant and his family were staying with his niece for a week. One evening, after defendant began yelling and threatening to kill his niece, she asked him to leave. Defendant refused and said that he would leave the next day. Someone called for a taxi and left defendant's packed bags by the front door, but the taxi left without defendant. Defendant's father-in-law, who lived across the street, became aware of the incident and decided to go to the niece's house—without notifying anyone—to find out

---

[1] We decline to revisit our original conclusion that the evidence was sufficient to permit a finding that defendant unlawfully remained in his niece's house at the time he assaulted the victim; although defendant reargues that point, *Henderson* does not call that conclusion into question. We further reject without discussion defendant's arguments challenging retroactive application of *Henderson* to his case.

'what was going on.' When he arrived, defendant emerged from a bedroom and punched his father-in-law in the face, and a fight ensued. The police arrived, and defendant was arrested."

*Payton*, 298 Or App at 24-25. Based on those events, the state charged defendant with one count of first-degree burglary, two counts of fourth-degree assault, and one count of strangulation. *Id*. at 25. After the state presented its case-in-chief, defendant moved for a judgment of acquittal on the first-degree burglary charge, arguing that, to be convicted of first-degree burglary, defendant had to have "*knowingly \* \* \* entered, or remained in [the house] with the intent to commit the crime of assault therein.*" *Id*. (emphasis in original). The court denied defendant's motion, and he was subsequently found guilty of first-degree burglary and fourth-degree assault. After the verdict was announced, the court asked if either party wished to poll the jury, and both parties declined.

 On appeal and again on remand, defendant argues that the state failed to prove that he formed the intent to commit assault at a time when he had no license or privilege to be in his niece's house. The state maintains that there was sufficient evidence that defendant formed the intent to assault the victim while he was unlawfully remaining in the house. We originally concluded, applying *State v. J. N. S.*, 258 Or App 310, 318-19, 308 P3d 1112 (2013), that the proper focus was defendant's intent at the initiation of the trespass and, because the record lacked evidence that defendant intended to commit assault at the point that he unlawfully remained on the premises, he was entitled to an acquittal. *Payton*, 298 Or App at 29. That analysis changes under *Henderson*.

 The issue on review in that case was whether a person commits the crime of first-degree burglary when they enter a dwelling unlawfully but without the intent to commit an additional crime and then develop that intent while unlawfully present in the dwelling. *Henderson*, 366 Or at 3. The defendant and the victim were formerly in a relationship and, although the victim previously had allowed the defendant to visit their children at her house, he had never

lived there, and the victim ultimately communicated to the defendant that he was no longer welcome. *Id*. On the day of the incident, the defendant went to the victim's house asking if he could shower and talk. *Id*. After being refused entry, the defendant waited for the victim to depart for work and then broke into the house and destroyed a number of her possessions. *Id*.

The defendant was charged with first-degree burglary, along with other crimes. *Id*. During trial, after the state rested its case, the defendant moved for a judgment of acquittal on the burglary charge arguing that "the evidence could not support a finding that defendant intended to commit an additional crime in the victim's house at the time of this unlawful entry." *Id*. The trial court denied the motion and the defendant was subsequently found guilty of burglary and criminal mischief. *Id*.

On appeal, the defendant argued that the trial court erred in denying the motion for judgment of acquittal on the burglary charge. We reversed the burglary conviction and held that the state was required to prove that the defendant had the intent to commit an additional crime when he entered the victim's house and that the evidence was insufficient to support a finding of such intent. *State v. Henderson*, 294 Or App 664, 670, 432 P3d 388 (2018), *rev'd*, 366 Or 1, 455 P3d 503 (2019). We remanded for entry of a judgment of conviction for the lesser-included offense of first-degree trespass.

In reversing our decision, the Supreme Court concluded that the "proper inquiry is not whether [the] defendant had the requisite intent at the outset of the trespass, but rather whether defendant developed intent to commit an additional crime at any point during the course of the trespass." *Henderson*, 366 Or at 14. It reasoned that, because the defendant committed criminal trespass by unlawfully entering and remaining in the victim's home, "and because defendant developed the intent to commit an additional crime—and did commit an additional crime—while unlawfully present in the house," the trial court correctly denied the defendant's motion. *Id*.

In light of the court's analysis in *Henderson*, the result in this case is clear. As in that case, defendant in this case committed criminal trespass by remaining in his niece's house after refusing to leave and, because he developed intent to commit and did commit another crime while unlawfully remaining at his niece's house, the trial court correctly denied defendant's motion.

Defendant additionally asserts that the trial court committed structural error by instructing the jury that it could return a nonunanimous verdict. After the United States Supreme Court's ruling in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the Oregon Supreme Court concluded that giving a nonunanimous jury instruction is not a structural error that categorically requires reversal. *State v. Flores Ramos*, 367 Or 292, 319, 478 P3d 515 (2020). As defendant did not preserve the issue in this case and no jury poll was conducted, we decline to exercise our discretion to review the nonunanimous jury instructions for plain error. *State v. Dilallo*, 367 Or 340, 348-49, 478 P3d 509 (2020) (explaining that plain error review for nonunanimous jury instructions without an accompanying jury poll is "contrary to the basic goal of procedural fairness *** that motivates the preservation requirement").

Affirmed.