No. 11 January 2, 2025 277

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BUOMKUOTH JOHN CHUOL,
aka Chuol Buomkuoth, aka Buomkuouth,
*Defendant-Appellant.*

Multnomah County Circuit Court
20CR56519; A179536

Chanpone P. Sinlapasai, Judge.

Submitted July 16, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kate E. Morrow, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Defendant appeals his conviction, following a bench trial, for one count of first-degree burglary under ORS 164.225. He assigns error to the court's denial of his motion for a judgment of acquittal (MJOA) on that count, maintaining that the evidence was insufficient to prove that he intended to commit theft for the purpose of ORS 164.225. We conclude that the state offered sufficient evidence to support the determination that defendant had entered the dwelling with the intent to commit theft. Accordingly, we affirm.

We review the denial of an MJOA for legal error. *State v. Newkirk*, 319 Or App 131, 133, 509 P3d 757, *rev den*, 370 Or 214 (2022). In doing so, we "view[] the evidence in the light most favorable to the state to determine whether a rational trier of fact, making reasonable inferences, could have found the essential elements of the crime proved beyond a reasonable doubt." *State v. Long*, 286 Or App 334, 340, 399 P3d 1063 (2017) (internal quotation marks omitted).

Defendant's first-degree burglary conviction arose from the following facts. Defendant, carrying a backpack, approached a fully enclosed and fenced house and repeatedly rang the front doorbell. He removed the doorbell and placed it in his pocket before entering the backyard, where he spent about 40 minutes. Defendant found a spare key and let himself inside the house, while two children hid in their bedrooms. For about 25 minutes, defendant looked around the living room, checked windows and doors, examined the contents of a coffee table, sat on the couch to read mail, and inspected a television, a computer, and an Xbox.

A person commits the crime of first-degree burglary if the "person enters or remains unlawfully in a building with intent to commit a crime therein," ORS 164.215, and the building is a dwelling, ORS 164.225. The crime that defendant intends to commit is a material element of the burglary conviction. *State v. Sanders*, 280 Or 685 690, 572 P2d 1307 (1977). In this case, defendant was charged with first-degree burglary with the intent to commit theft. The requisite intent for the crime of theft requires "intent to deprive another of property" or the intent "to appropriate property."

ORS 164.015. Both intents require evidence that the defendant acquired the "major portion" of the property's "economic value." ORS 164.005(1)(a); *see* ORS 164.005(2) (defining "appropriate" and "deprive"). Intent to commit a crime does not need to be proven with direct evidence. *State v. Ross*, 311 Or 274, 282, 810 P2d 839 (1991), *cert den*, 545 US 1144 (2005) ("Evidence of a defendant's intent is rarely, if ever, proven by direct evidence. Intent is an operation of the mind, and it is seldom susceptible of direct proof. This subjective fact is usually established by a consideration of objective facts, and from these objective facts an ultimate conclusion is drawn.").

On appeal, defendant assigns error to the denial of his MJOA, arguing that the state did not present sufficient evidence of defendant's intent to commit theft inside the home. We disagree. Viewed in the light most favorable to the state, the evidence is sufficient for the factfinder to make a reasonable—rather than a speculative—inference that defendant intended to commit a theft. *See State v. Bivins*, 191 Or App 460, 467, 83 P3d 379 (2004) (reasonable inferences drawn from circumstantial evidence are permissible, as long as they are not speculative).

The proper inquiry to establish intent to commit a crime for purposes of burglary is "whether defendant developed intent to commit an additional crime at any point during the course of the trespass." *State v. Payton*, 311 Or App 674, 678, 489 P3d 1082, *rev den*, 368 Or 702 (2021) (quoting *State v. Henderson*, 366 Or 1, 14, 455 P3d 503 (2019)). Notably, before entering the home, defendant removed the doorbell and placed it in his pocket. That act, while minimal, considered with his other conduct—checking out the exterior of the home, spending time inside examining mail and other items—permitted a reasonable inference that he had developed the requisite intent to commit additional theft inside the home.

Accordingly, the evidence here was sufficient such that a rational factfinder could conclude that defendant intended to commit theft when he entered the home. The trial court, therefore, did not err in denying defendant's MJOA.

Affirmed.